MINNIE WACHTEL, Respondent, *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES et al., Appellants.

(Argued January 9, 1935; decided February 26, 1935.)

 *Peter C. Mann* for The Equitable Life Assurance Society of the United States, appellant. As a condition precedent to recover the double indemnity amount, proofs of death must be furnished showing a death resulting solely from a bodily injury effected solely through external, violent and accidental means. (*O'Reilly* v. *Guardian Life Ins. Co.*, 60 N. Y. 169; *Strang* v. *Prudential Life Ins. Co.*, 263 N. Y. 71; *Epstein* v. *Mutual Life Ins. Co.*, 143 Misc. Rep. 587; 236 App. Div. 843; *Bergholm* v. *Peoria Life Ins. Co.*, 284 U. S. 489; *Ginell* v. *Prudential*

*Life Ins. Co.*, 205 App. Div. 494; *Page* v. *Commercial Travelers Eastern Accident Assn.*, 225 Mass. 335; *Security Bank* v. *Equitable Life Assur. Society*, 112 Va. 462; *Gauche* v. *London & Lancashire Ins. Co.*, 10 Fed. Rep. 347; *Continental Life Ins. Co.* v. *Searing*, 240 Fed. Rep. 653; *Metropolitan Life Ins. Co.* v. *Botto*, 153 Va. 468; *Travelers Ins. Co.* v. *Sheppard*, 85 Ga. 751.) No proofs of accidental death were ever submitted, but on the contrary the proofs submitted showed death by disease and the defendants were entitled to a dismissal at the close of the plaintiff's case and a directed verdict at the close of the whole case. (*Strang* v. *Prudential Life Ins. Co.*, 263 N. Y. 71; *O'Reilly* v. *Guardian Life Ins. Co.*, 60 N. Y. 169; *McMartin* v. *Fidelity & Casualty Co.*, 264 N. Y. 220.) Plaintiff did not plead and consequently cannot prove a waiver. (*Ryer* v. *Prudential Life Ins. Co.*, 185 N. Y. 6; *Kelly* v. *St. Michael's R. C. Church*, 148 App. Div. 767; *Hoffman* v. *Metropolitan Life Ins. Co.*, 135 App. Div. 739.) The proofs of death were not mere admissions but were necessary to plaintiff to prove compliance with the conditions precedent to recovery and were binding on her. (*Rudolph* v. *John Hancock Life Ins. Co.*, 251 N. Y. 208; *Redmond* v. *Industrial Benefit Assn.*, 150 N. Y. 167; *Spencer* v. *Citizens' Mut. Life Ins. Assn.*, 142 N. Y. 505; *Hanna* v. *Connecticut Mut. Life Ins. Co.*, 150 N. Y. 526.)

*Louis P. Galli* and *William J. Moran* for The Travelers Insurance Company, appellant. The proofs of death showed that the insured's death was caused by disease; hence, plaintiff failed to comply with the condition precedent contained in the policy which required proof showing that the death resulted from bodily injuries effective directly and independently of all other causes through external, violent and accidental means. (*O'Reilly* v. *Guardian Mut. Life Ins. Co.*, 60 N. Y. 169; *Strang* v. *Prudential Life Ins. Co.*, 263 N. Y. 71; *Page* v. *Commercial Travelers Eastern Acc. Assn.*, 225 Mass. 335; *Ginell* v.

*Prudential Life Ins. Co.*, 205 App. Div. 494; 237 N. Y. 554; *Insurance Co.* v. *Newton*, 22 Wall. 32; *Irving* v. *Excelsior Fire Ins. Co.*, 1 Bosw. 507; *Security Bank* v. *Equitable Life Assur. Society*, 112 Va. 462; *Maclin* v. *New England Mut. Life Assn.*, 33 La. Ann. 801; *Sasse* v. *United Commercial Travelers*, 168 App. Div. 746; *Naseef* v. *Metropolitan Life Ins. Co.*, 230 App. Div. 610; *Clark* v. *Employers' Liability Assur. Co.*, 72 Vt. 458; *Rathman* v. *New Amsterdam Cas. Co.*, 186 Mich. 115; *Ackerman* v. *Minnesota Commercial Men's Assn.*, 184 Minn. 522.) The defendants did not waive the condition precedent contained in its policy requiring proof of death exclusively by accidental means, nor were they required to demand additional proof of death. (*Sasse* v. *United Commercial Travelers*, 168 App. Div. 746; *Todd* v. *Union Casualty & Surety Co.*, 70 App. Div. 52; *Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 410; *Armstrong* v. *Agricultural Ins. Co.*, 130 N. Y. 560; *Palma* v. *National Fire Ins. Co.*, 240 App. Div. 454.)

*John J. Cunneen* for Manhattan Life Insurance Company, appellant. Plaintiff made no plea of waiver of proofs of death nor of any mistake in the proofs of death served but to the contrary alleged that satisfactory proof of death in the manner and to the extent required by the policy was duly furnished the defendant. (*Sasse* v. *United Commercial Travelers*, 168 App. Div. 746; *Todd* v. *Union Casualty & Surety Co.*, 70 App. Div. 52.)

*Herman A. Gray, Nathan Grossman* and *Maxwell M. Booxbaum* for respondent. Plaintiff was not conclusively bound by the doctor's original diagnosis, particularly when he himself repudiated it on the witness stand. (*Rudolph* v. *John Hancock Mut. Life Ins. Co.*, 251 N. Y. 208; *McMaster* v. *President of Ins. Co. of No. America*, 55 N. Y. 222; *Freese* v. *National Ben Franklin Ins. Co.*, 163 App. Div. 57; *Schmitt* v. *National Life Assn.*, 84 Hun, 128; *Howard* v. *Metropolitan Life Ins. Co.*, 18 Misc. Rep.

74; *Boylan* v. *Prudential Ins. Co.*, 18 Misc. Rep. 444.)· The defendants accepted the proofs of death as adequate and by their conduct precluded themselves from questioning their sufficiency. (*Trippe* v. *Provident Fund Society*, 140 N. Y. 23; *Cornell* v. *Travelers Ins. Co.*, 120 App. Div. 459; 192 N. Y. 587; *Partridge* v. *Milwaukee Ins. Co.*, 13 App. Div. 519; 162 N. Y. 597; *Brink* v. *Hanover Fire Ins. Co.*, 80 N. Y. 108; *Carthage T. P. Mills* v. *Village of Carthage*, 200 N. Y. 1; *City of New York* v. *N. Y. City Ry. Co.*, 193 N. Y. 543; *Woolsey* v. *Funke*, 121 N. Y. 87; *Imperator Realty Co.* v. *Tull*, 228 N. Y. 447; *Glazer* v. *Home Ins. Co.*, 190 N. Y. 6; *Dobson* v. *Hartford Fire Ins. Co.*, 86 App. Div. 115; 179 N. Y. 557; *Sherri* v. *National Surety Co.*, 243 N. Y. 266; *Karelsen* v. *Sun Fire Office of London*, 45 Hun, 144; *Kernochan* v. *N. Y. Bowery Fire Ins. Co.*, 17 N. Y. 428; *Aiesenson* v. *Nat. Cas. Co.*, 237 App. Div. 855; 262 N. Y. 480; *Fagerlie* v. *N. Y. Life Ins. Co.*, 129 Ore. 485.) Statements in proofs, while admissions, are not conclusive and may be overcome by other evidence. (*Rudolph* v. *John Hancock M. L. Ins. Co.*, 251 N. Y. 208; *White* v. *Royal Ins. Co.*, 149 N. Y. 485; *Spencer* v. *C. M. L. Ins. Assn.*, 142 N. Y. 505; *McMaster* v. *President of Ins. Co. of No. America*, 55 N. Y. 222.)

LEHMAN, J. The plaintiff is the beneficiary named in policies issued by the three defendant insurance companies, insuring the life of her husband. The policies contain clauses, differing only in immaterial detail, providing for double indemnity to be paid upon due proof that the death of the insured resulted from bodily injuries caused directly, exclusively and independently of all other causes by external, violent and purely accidental means. The assured died on August 10, 1930. The companies did not dispute liability for the stipulated indemnity to be paid upon proof of the *death* of the insured. They have refused to pay the additional sums

payable upon due proof that the death was the result of accident, and this action was brought to obtain such double indemnity.

The beneficiary, before bringing suit, served upon each insurance company notice and proof of death of the assured. This proof is not in each case the same, but all state in some form that the assured died of acute coronary thrombosis. Only in the proof served upon the Travelers Insurance Company is there any allegation or suggestion that death was due to an " accident to left leg early part of July, 1930," but even in that proof the claimant stated without qualification that the cause of death was acute coronary thrombosis and the attending physician's statement, which constitutes part of the proof, gives the same cause, without even any contributory causes. Coronary thrombosis is, concededly, a disease. Thus, the proofs of death were not only insufficient to show death caused exclusively by accidental means, but showed affirmatively that death was due to disease.

The claimant began this action without serving any additional proofs. The complaint alleges that she has complied with and performed all the conditions and terms of said policy on her part to be performed. *Proof of death by accident* is a condition precedent to liability for double indemnity and under the pleadings the plaintiff was required to show performance of this condition. The trial court dismissed the complaint because the plaintiff failed to show such performance. The Appellate Division has reversed on the ground that proof which showed that the defendants waived performance was received without proper objection.

At the trial the plaintiff was permitted to introduce, over the objection of the defendants, evidence that death was due to an accidental injury sustained some months before. We assume that the evidence would be sufficient to raise a question of fact as to the cause of death.

If that is so, it would also be sufficient to make out a *prima facie* case that the statement, in the proofs submitted to the companies, that death was the result of the disease of acute coronary thrombosis, was due to mistake. Admissions, in proofs of claims to insurance companies, like other admissions, are subject to explanation. They are not conclusive, and proof may be presented that they are erroneous. (*Rudolph* v. *John Hancock Mut. Life Ins. Co.*, 251 N. Y. 208, 214.) The plaintiff maintains that proofs of death by *disease*, thus shown to be erroneous, may be regarded as sufficient proofs of death by *accident*, especially where the insurance companies demanded no additional proof.

Such contention carries its own refutation. The admission of the cause of death was binding until corrected or explained. (*Rudolph* v. *John Hancock Mut. Life Ins. Co., supra; Hanna* v. *Connecticut Mut. Life Ins. Co.*, 150 N. Y. 526; *Spencer* v. *C. M. L. Ins. Assn.*, 142 N. Y. 505, 509.) Explanation of an admission in proofs submitted to an insurance company may completely destroy the effect of the admission  Then the admission no longer has force to sustain an affirmative defense of the company (*Parmelee* v. *Hoffman Fire Ins. Co.*, 54 N. Y. 193; *Cummins* v. *Agricultural Ins. Co.*, 67 N. Y. 260, 262), or to nullify affirmative proof by the plaintiff. (*Pythias Knights' Supreme Lodge* v. *Beck*, 181 U. S. 49.) An admission erroneously made may be disregarded when proof of the error has been properly admitted. None the less, a party, required by contract to submit proof of certain facts as a condition of liability, does not perform the condition by submitting through error proof that these facts do not exist.

We have said in other cases that the requirement of due proof is to be liberally construed in favor of the insured. (*Glazer* v. *Home Ins. Co.*, 190 N. Y. 6.) It may be satisfied where " such reasonable evidence [is furnished] as the party can command at the time, to give

assurance that the event has happened, upon which the liability of the insurers depends. * * * The purpose of the condition is that the insurer may be able intelligently to form some estimate of his rights and liabilities before he is obliged to pay." (*O'Reilly* v. *Guardian Mut. Life Ins. Co.*, 60 N. Y. 169, 173.) We apply that test here. The proof submitted by the claimant showed, until explained, that the claimant was not entitled to double indemnity. No explanation of the admission that death was due to disease, and no proof that in fact death was due to accident, was ever furnished to these companies. They may have learned from other sources that death was due to accident, in spite of proof to the contrary submitted by the claimant. They may have decided, as a result of that independent investigation, that they would deny liability for double indemnity, even if formal proof that death was due to accident was thereafter presented. Nevertheless, it remains true that the claimant failed to comply with the stipulated condition to furnish the company with proof which would enable the insurer to frame an intelligent estimate of its rights and liabilities, and till such proof was given or waived, no liability for double indemnity could arise. The failure of an insurance company to object to the sufficiency of proof, when submitted, may, at times, preclude claim that the proofs did not comply with the terms of the policy. That is not the case where no proof has been submitted that " the event has happened, upon which the liability of the insurers depends " or where the proof submitted affirmatively shows that no liability exists.

The question remains whether the defendants waived the service of proof that death was due exclusively to accident. Waiver was not pleaded, and the letters from the defendant, which are relied upon to show waiver, were admitted over objection by the defendant. It is said that the objection was not sufficiently specific. It might well be argued that under the circumstances of this case,

no other objection was called for. We need not decide that question now, for in our opinion the letters are insufficient to show waiver.

True, the letters reject any claim of liability for double indemnity, and ordinarily an unqualified rejection of liability by an insurance company before sufficient proofs of claim have been presented is a waiver of a condition that proofs must be presented. Here the letters of the defendants must be read in the light of what had occurred. The plaintiff, as we have said, had not only failed to submit proof of death by accident, but had submitted affirmative proof of death by disease. The purpose of the condition that proof must be submitted was to enable the defendants to determine whether they were liable. The claimant's proof was not explained or corrected. The defendants acted upon it, as they had the right to do. They denied liability for double indemnity because, so they said, the proofs submitted, and independent investigation alike, showed that no such liability exists. They did not close the door to further proof which might establish such liability. They were not called upon to say that, if the plaintiff contradicted the proof of death she had submitted, liability might exist.

The order of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs in the Appellate Division and in this court.

HUBBS, J. (dissenting). I agree with Judge LEHMAN that the service of proofs of death by accident was a condition precedent to liability for double indemnity; that the evidence introduced by respondent that death resulted from an injury was sufficient to create a question of fact and establish a *prima facie* case; that the statement in the proofs submitted to the companies that death resulted from coronary thrombosis was submitted by mistake; that such statement, while constituting an admission, was subject to explanation and correction; that after

such explanation the admission no longer constituted an affirmative defense; that the requirement of due proof is to be liberally construed in favor of the claimant; and that the purpose of the condition is to enable the insurer to intelligently form an estimate of its rights and liabilities.

I am unable to agree with the conclusion that the application of those principles requires the dismissal of the complaint. I believe that such conclusion is directly contrary to many decisions of this court and in conflict with the decisions in almost every other State.

The requirement of the policies is that due proofs shall be served. There is no limit of time specified within which such proofs shall be served. No form of proofs is specified. The policies do not specify of what the proofs shall consist or by whom they shall be made. The words " due proof " do not have a narrow, technical meaning. Any information furnished the company which puts it in possession of the necessary facts and upon which it acts may constitute " due proofs."

At the close of the evidence the jury might properly have found, if the case had been submitted to it, that the insured, while apparently in perfect health, was stricken suddenly and died almost instantly. A young, inexperienced physician was called, who, without a history of the case, believed that death resulted from coronary thrombosis, a disease. As a witness at the trial he testified that after learning the history of the case he believed that he had made a mistake in stating the cause of death, and that the cause of death was pulmonary embolism resulting from an injury.

Relying upon the mistaken belief of the physician, the proofs furnished to the companies stated the cause of death was coronary thrombosis. The proof furnished the Equitable contained the following question and answer: " 8. State all facts in connection with the cause and circumstances of death. Several teeth extracted between March 12th and April 18th, 1930. Suffered accident to a

vein in left leg early part of July." The proof furnished the Travelers contained the following: " Date and place of accident? Accident to left leg early part of July 1930 at home." The proof furnished the Manhattan contained the following question and answer: "7. Names and addresses of all physicians who attended deceased during his last illness and during three years prior thereto: Dr. Chas. Brendler, 101 E. 93 St. N. Y. C. July 11, 1930. Acute Phelbitis."

It thus appeared that while the cause of death given in each proof of death was stated to be coronary thrombosis, it was also stated in two that assured had suffered an injury in July to a vein in his left leg; in the other that he had sustained an injury. The Equitable, after the receipt of the proof of death, which informed it that a " cause and circumstance of death " was an " accident to a vein in left leg," sent an investigator who called upon respondent and talked with her about her husband's death and was informed by her about the details of the accident to his left leg. He made a written report to the Equitable in which he embodied that information. He also talked with Dr. Goldberg and was informed by him that the claim was being made that insured died as a result of the injury to his leg. He also talked with Dr. Brendler, who treated insured for the injury to his leg. The Equitable did not in any way object to the sufficiency of the proof of death, but proceeded to act upon it. It did everything that it could have done if the proof of death had made the specific claim that death was due to the specific injury to the leg and claimed double indemnity. In the interview with respondent it lulled her into a sense of security and led her to believe that it was treating the case upon its merits without regard to the form or sufficiency of the proofs of death. After its investigation it wrote the attorney for respondent, in reply to a letter from him, denying liability for double indemnity and stating " the investigation made by this Society

clearly shows that this man died of acute coronary thrombosis."

In the proof of death served on the Travelers the following questions and answers appear: " (If due solely and independently of all other causes to bodily injuries the result of accidental means, give the following information): Date and place of accident? Accident to left leg early part of July, 1930, at home. Description of accident — acute Phlebitis." The attorney for respondent made a claim for double indemnity. The company sent a draft for the amount of the policy payable to respondent and stated that acceptance of the same would be without prejudice to her claim for double indemnity. The respondent surely was justified in relying upon the fact that the company treated the claim filed for double indemnity as proper in form for the consideration of the company and that it had been duly considered and rejected. It based its rejection of the claim upon the report made by the adjuster of the Equitable which had been furnished to it, and upon an independent investigation made by its own investigator, a physician, who called upon Dr. Goldberg and read to him the report made by the Equitable investigator and talked with him about it.

Immediately after insured's death, the respondent wrote the Manhattan informing it of his death and asking for " any papers you want me to sign." The company sent the blank forms to be used. The proofs were filed and showed that the insured had been treated by Dr. Brendler for acute phlebitis on July 11, 1930. The company sent its check for the single indemnity. Three days later respondent's attorney wrote the company asserting a claim for double indemnity. The company's counsel replied saying he could not understand the basis for the " assertion that the insured died by accidental means." Plaintiff's attorney again wrote to the company's counsel, who replied that the proofs of

death showed that there was no liability for double indemnity and declined to furnish the blanks requested.

None of the policies required that the proofs of death should be furnished within any definite time. This is not a case, therefore, where a company refuses to furnish blanks after the time to serve has expired and the insured is in default.

None of the policies prescribed a form of proof or a time within which to serve. The purpose which the proof serves is to enable the company to ascertain the extent of its liability, to make an investigation and arrive at a decision whether to pay or not to pay. The proofs served established the fact of the death of the insured, that the event upon which liability depended had happened. The only question was the extent of that liability. Each company exercised its judgment upon that question after full information that a claim was made for double indemnity. Each rejected that claim, not upon the ground that it did not have information as to the facts, but upon the express ground that death was caused by disease and not by accident. Each company, by its acts, put its own interpretation upon the situation, and by its conduct led the respondent to believe that it was rejecting the claim upon the merits and not because of a technical defect in the proofs, which it was still within the power of respondent to correct if her attention had been called to the fact. The companies were at liberty to accept the claims made as a sufficient performance of the condition, and by their acts in accepting such performance they induced the respondent to believe that further performance on her part was unnecessary. If a further act or performance were necessary under the strict reading of the contracts, the companies had waived it. At least, there was evidence which required that the question be submitted to the jury as one of fact. It cannot be determined as a question of law. (*Glazer* v. *Home Ins. Co.*, 190 N. Y. 6; *Dobson* v. *Hartford Fire Ins.*

*Co.*, 86 App. Div. 115; affd., 179 N. Y. 557; *Sherri* v. *National Surety Co.*, 243 N. Y. 266; *Imperator Realty Co.* v. *Tull*, 228 N. Y. 447; *Cornell* v. *Travelers Ins. Co.*, 120 App. Div. 459; affd., 192 N. Y. 587.)

It is urged by appellants that the evidence of waiver was improperly received because it was not pleaded. If so, it constituted a variance but there was no objection made to the receipt of the evidence on that ground. An objection on that ground, to be available, must be specific, as that objection could be obviated by an amendment of the complaint. Those who have had experience in the trial of insurance cases know that the specific objection that evidence of waiver cannot be received because not pleaded is seldom made. The reason why that objection is not made is that counsel know that if made it would lead to an amendment of the complaint. The exceptions taken to the receipt of such evidence are not available on this appeal. It was clearly competent to introduce evidence to the effect that a mistake had been made in stating the cause of death in the proofs of death, and to give evidence of the cause of death claimed by respondent to be the true cause of death. (*Rudolph* v. *John Hancock Mut. Life Ins. Co.*, 251 N. Y. 208.)

The companies were not prejudiced by the failure to serve more definite proofs of death. They had all the information which respondent could have supplied. They acted upon such information and denied liability upon the specific ground that insured died from disease and not as the result of injury. They did not object to the form or sufficiency of the proofs of death, but elected to place themselves squarely upon the ground that death was caused by disease. They made no proper objection that proof of waiver was not competent under the pleadings. The proofs of waiver were properly in the case, and presented a question of fact for the decision of the jury.

The judgment of the Appellate Division should be affirmed, with costs.

O'BRIEN, CROUCH and LOUGHRAN, JJ., concur with LEHMAN, J.; HUBBS, J., dissents in opinion in which CRANE, Ch. J., concurs; FINCH, J., not sitting.

Judgment accordingly.