CITY BANK FARMERS TRUST COMPANY, as Trustee under an Agreement Dated November 13, 1929, Made with RAYMOND J. BOWER (Now Deceased), Respondent, *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES and Others, Appellants.

First Department, February 7, 1936.

*Peter C. Mann* of counsel [*Alexander & Green,* attorneys], for the appellant The Equitable Life Assurance Society of the United States.

*Bayard H. Ames* of counsel [*Louis W. Dawson* with him on the brief; *Frederick L. Allen,* attorney], for the appellant The Mutual Life Insurance Company of New York.

*Dean Potter* of counsel [*Tanner, Sillcocks & Friend,* attorneys], for the appellant Metropolitan Life Insurance Company.

*George S. Mittendorf* of counsel [*Arnold Furst* and *Paul E. Bermingham* with him on the brief; *Mitchell, Taylor, Capron & Marsh,* attorneys], for the respondent.

UNTERMYER, J. We think the cause of action as to each defendant is controlled by the decision in *Wachtel* v. *Equitable Life Assur. Soc.* (266 N. Y. 345), and that the judgment as to each must be reversed and the complaint dismissed.

It was a condition of liability under each policy not only that death should have resulted from accidental cause but that due proof of that fact should have been submitted to the insurers. No such proof was submitted to any of the defendants. The claimant's affidavit merely sets forth in each case that death was caused by carbon monoxide gas which under the facts set forth in the proofs was indicated to have been not the result of accident but suicide. In the case of the Equitable Life Assurance Society the physician's affidavit, included in the proof of death, contains the specific statement that death was not the result of accident. In the case of the Metropolitan Life Insurance Company in the physician's affidavit, also included in the proof of death, the answer given to the question: " Was death due to suicide, homicide or accident? If accident, give particulars and date," was " Probable suicide;" and, in answer to the further question, whether there was any cause for the death, proximate or remote, in the family history, the answer was, " Family history of mental disease." In the case of the Mutual Life Insurance Company, the physician's affidavit contains no answer to the question whether death was caused by accident, but there is included a certified copy of the coroner's inquest, to which the affidavit makes reference, in which it was found by the coroner's jury that death was caused by carbon monoxide gas voluntarily administered by the deceased, and the answer to the question, whether the last

illness was complicated by previous infirmity, was " Some question of previous mental illness."

It is undoubtedly true that in submitting its proofs of death the plaintiff could have repudiated the statements of the physician who made these affidavits and could have asserted that the death was accidental. That, however, the plaintiff did not do. It merely submitted proof from which each insurer must have concluded that the death was suicidal, without alleging any fact from which it could have been inferred that it was accidental. Upon such proofs the defendants were justified in rejecting the claim for double indemnity, nor did they waive that objection by rejecting the claim without reference to the sufficiency of the proofs of death, where, as here, no proof had been submitted that the event had happened upon which the liability of the insurers depended, and where, as here, the proof submitted affirmatively showed that no liability existed. (*Wachtel* v. *Equitable Life Assur. Soc., supra.*)

The judgment should be reversed, with costs, and complaint dismissed as to all the defendants, with costs.

MARTIN, P. J., O'MALLEY, DORE and COHN, JJ., concur.

Judgment reversed, with costs, and the complaint dismissed, with costs.