IDA THOMPSON *vs.* UNITED CASUALTY COMPANY.

Suffolk.    November 13, 1936. — February 23, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Insurance,* Accident, Notice.  *Notice.*

There could be no recovery under a policy of accident insurance requir-
ing that in the "event of accidental death . . . notice thereof must
be given to the" insurer, where the claim was for death caused by
poisoning resulting from the eating of unwholesome or contaminated
food and the only notice given was that the insured "died on account
of indigestion."

CONTRACT.    Writ in the Superior Court dated May 3,
1934.

The action was tried before *Sheehan,* J., who ordered a
verdict for the defendant.  The plaintiff alleged exceptions.

*A. Cohen,* (*P. Thompson* with him,) for the plaintiff.

*E. B. Goldberg,* for the defendant.

QUA, J.  The plaintiff brings this action as beneficiary
under a policy insuring her husband, Benjamin S. Thomp-
son, now deceased, against "loss from death or disability
. . . resulting directly and solely from bodily injury, inde-

pendently of all other causes, sustained through accidental means." She contends that his death was brought about by food poisoning from his having eaten unwholesome or contaminated food and that this was within the terms of the policy.

One of the "Standard Provisions" of the policy reads as follows: "4. Written notice of injury or of sickness on which claim may be based must be given to the Company within twenty days after the date of the accident causing such injury or within ten days after the commencement of disability from such sickness. In event of accidental death immediate notice thereof must be given to the Company." See G. L. (Ter. Ed.) c. 175, § 108. Among "Miscellaneous Provisions" is this: "Failure to comply with all the terms and conditions of this policy shall bar all right to recover on any claim made hereunder."

The plaintiff must fail unless she has sustained the burden of proving that notice was given as required by paragraph "4" of the "Standard Provisions" or that such notice was waived. *Wilcox* v. *Massachusetts Protective Association, Inc.* 266 Mass. 230, 234. *Sheehan* v. *Commercial Travelers Mutual Accident Association,* 283 Mass. 543, 549. We assume, but without intending to intimate any opinion upon the point, that the "immediate notice" required in the event of accidental death may be merely oral, and that any form of words which convey the necessary information will suffice. But notice of death alone is not enough. The policy is not a life insurance policy. It insures against death resulting from accident, and the notice which is expressly required is notice of "accidental death." At least the notice must be such as under the existing circumstances will by fair construction inform the company that the insured has met death through accident.

As tending to show oral notice of accidental death the plaintiff relies upon informal conversations shortly after the death with several persons claimed to have authority to receive notice in behalf of the company. If we assume that those conversations were sufficiently near to the time of death, that the persons with whom they took place were

authorized to receive notice and that the conversations were adequate to constitute notice of death, still the difficulty remains that it does not appear that anything was said in any of those talks to the effect that death had resulted from contaminated food or that anything was said in any form which would convey the information that death was accidental. The nearest approach to anything of that kind was a statement that "Mr. Thompson died on account of indigestion." Indigestion does not suggest accident. There was no evidence of "immediate notice" of "accidental death." *Wachtel* v. *Equitable Life Assurance Society*, 266 N. Y. 345. *City Bank Farmers Trust Co.* v. *Equitable Life Assurance Society*, 246 App. Div. (N. Y.) 256.

There was no evidence of waiver of the requirement of notice by any representative of the company. *Sheehan* v. *Commercial Travelers Mutual Accident Association*, 283 Mass. 543, 550. Moreover the policy provides that no agent shall have authority to waive any of its provisions, and there was no evidence of any delegation of power from the corporation itself to override this limitation. This subject is discussed at length in *Blair* v. *National Reserve Ins. Co.* 293 Mass. 86.

As the want of notice required the direction of a verdict for the defendant, we have not considered other questions.

*Exceptions overruled.*