## LAMPERT v. JOHN HANCOCK MUT. LIFE INS. CO.

### No. 183.

District Court, E. D. New York.
June 3, 1939.

Forrest S. Chilton, of New York City, for plaintiff.

Oeland & Kuhn, of New York City (George W. Riley, of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

This action is brought by the wife of the decedent, beneficiary under a policy of life insurance to which there was attached a supplementary contract known as "Accidental Death Benefit Provision." The insurance company has already paid the plaintiff under the ordinary death benefit provisions of the policy, but has refused payment of the "double indemnity" on the ground that plaintiff has failed to comply with its contractual obligation to give "due proof" of death solely by accidental means. The policy provided: "Upon receipt of due proof of the death of the Insured prior to the anniversary of the policy nearest his sixth-fifth birthday, as the result of bodily injury received after this contract becomes effective, caused solely by external, violent and accidental means, of which there is a visible wound or contusion on the exterior of the body (except in case of drowning or of internal injuries revealed by an autopsy), and that such death occurred within ninety days after such injury and as a direct result thereof, independently and exclusive of all other causes, and provided all premiums have been duly paid, and subject to the payment of any unpaid balance of premium for the current policy year hereunder and under the policy, and that the policy is in force for its full face amount and is not being continued as paid-up or extended insurance under the non-forfeiture provisions thereof; and pro-

vided further that the death of the Insured was not caused directly or indirectly by disease or bodily or mental infirmity or by self-destruction, sane or insane, or from any violation of law by the Insured, or by bodily injury received as a result of military or naval service in time of war, or because of participation in aeronautic or submarine operations, and that such death does not occur in time of war as the direct or indirect result of travel on the high seas or of residence or travel in any war zone outside the continental limits of the United States and Canada or while engaged in Red Cross or other relief service, The Company will pay an additional sum of Five Thousand Dollars."

Within the time required by the policy, plaintiff supplied the defendant with an undertaker's certificate, her own affidavit, both of which certified the death, and also with a transcript of the records of the New York City Department of Health, wherein there appeared the information "fell or jumped from the Washington Bridge." The question arises whether these proofs met the requirements of the policy with respect to "due proof", and if so whether plaintiff sufficiently established her case at the trial.

It has been recognized that the purpose of the policy provision requiring due proof of death is to give the insurance company basis to form an estimate of its liability before being obliged to pay. Levine v. New York Life Insurance Co., 155 Misc. 806, 280 N.Y.S. 468 affirmed 246 App.Div. 703, 285 N.Y.S. 532. In the case of a supplemental contract such as that involved herein, there is the added requirement of due proof that death resulted solely from accidental means.

It is clear from the certificate of the Medical Examiner referred to above that death was not from what are commonly referred to as natural causes. Death was beyond question violent. Of this the defendant was sufficiently apprised. As stated in O'Reilly v. Guardian Mutual Life Insurance Co., 60 N.Y. 169, 19 Am.Rep. 151, with respect to "due proof": "It need not be that full, clear and explicit proof, which would be required upon the trial of an issue upon the question, but it must be such reasonable evidence as the party can command at the time, to give assurance that the event has happened, upon which the liability of the insurers depends. * * * The purpose of the condition is that the insurer may be able intelligently to form some estimate of his rights and liabilities before he is obliged to pay, and some proof must be exhibited."

It is pointed out, however, that the language "fell or jumped" carries with it the implication that death may have been the result of suicide and that plaintiff should be required to negative this possibility in her proofs. First it should be recognized that by the terms of the contract quoted above, the beneficiary was not required to negative by her proofs the possibility of death by any of the causes listed in the "proviso" clauses. These were defenses of which the company might avail itself. Second, and more significant, however, is the fact that the law has long recognized that if the insured has sustained a physical injury and there is no proof which clearly establishes the nature of the cause thereof, the presumption is indulged that it resulted from accident rather than suicide. See Couch on Insurance, Sec. 1140, and cases cited therein.

In Mallory v. Travelers' Insurance Co., 47 N.Y. 52, 7 Am.Rep. 410, a situation similar to that at bar arose. As in this case, the body of the decedent was found below a bridge, with nothing to show whether death was accidental or suicidal. The court there said, 47 N.Y. at page 54, 7 Am.Rep. 410, "From the facts above it appeared either that the death was caused by such an injury or the suicidal act of the deceased; but the presumption is against the latter." Thus, reading the proofs submitted in the light of the presumption and the absence of anything in the proofs to rebut this presumption, it must be held that the proofs were sufficient. There is nothing in City Bank Farmers Trust Co. v. Equitable Life Assurance Society, 246 App.Div. 256, 285 N.Y.S. 250, inconsistent with this conclusion, for in that case, there was adequate material in the proofs submitted to sufficiently rebut the presumption against suicide.

At the trial, neither party did much more to clarify the circumstances surrounding the death of the insured. The plaintiff did put in evidence indicating that the insured was on his way to consummate a business transaction at the time of his death. Such evidence strengthens

the conclusion that death did not result from suicide.

Judgment for the plaintiff.

Settle findings and decree on notice.