ESTHER WINTER, Appellant, *v.* NEW YORK LIFE INSURANCE COMPANY, Respondent.

First Department, December 13, 1940.

*J. Irwin Shapiro* of counsel [*Shapiro & Schlissel*, attorneys], for the appellant.

*Ronald B. Swinford* of counsel [*Joseph C. Wilberding* with him on the brief; *Louis H. Cooke*, attorney], for the respondent.

MARTIN, P. J. The plaintiff in this action sought to recover the double indemnity provided for in two policies of insurance by reason of the alleged violent and accidental death of the insured. A necessary part of plaintiff's case was the establishment of the fact that there had been submitted to defendant due proof of accidental death. (*Wachtel* v. *Equitable Life Assurance Society*, 266 N. Y. 345.) It is admitted that defendant received proof of death. It also appears from the colloquy of trial counsel and the court that there

was submitted a copy of the report of the local medical examiner which stated that the insured either fell or jumped from the roof of the apartment house in which he lived. That report, as the trial court indicated, was not proof of accidental death. The complaint was properly dismissed at the close of the plaintiff's case.

After the dismissal the plaintiff moved for an order vacating the judgment or modifying it so as to show dismissal without prejudice. The plaintiff asked as alternative relief, if the court declined to modify the judgment, that two proofs of loss and the record of the medical examiner, not offered at the trial, be included in the record on appeal.

The entire motion was properly denied, as was a motion in this court for an order directing the inclusion in the record of the aforesaid evidence. A judgment will not be vacated because a litigant has omitted to offer evidence at its disposal. As was said in *Collins* v. *Central Trust Company of Rochester* (226 App. Div. 486): " Parties are supposed to prepare their cases for trial. If they fail so to do and are defeated, they are not entitled to another trial. They have no one except themselves to blame for the result. There should be some end to litigation. The Constitution gives to all litigants their day in court, and a fair and impartial trial, but it does not assure them two days in court."

The judgment and order should be affirmed, with costs.

O'MALLEY, UNTERMYER, DORE and COHN, JJ., concur.

Judgment and order unanimously affirmed, with costs.