GLORIA LA B. BEGLEY, Respondent, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.— In an action by the beneficiary of three life insurance policies to recover double indemnity thereon, defendant appeals from a judgment in favor of plaintiff, entered upon a jury verdict. Judgment reversed on the law and the facts, with costs, and complaint dismissed. The provisions upon which plaintiff claims in each policy state that payment will be made " upon receipt " by defendant " of due proof that the death of the Insured occurred as a result * * * of bodily injuries effected solely through external, violent and acci-

dental means" except that it shall not be made "if the * * * death results * * * from suicide ". The purported "due proof" which plaintiff furnished to defendant consisted of her written statement on defendant's form and a copy of the certificate of death, the original of which was signed by a physician and filed in the New York City department of health. Each stated that the cause of death was fractured skull, cerebral hemorrhage and lacerations; and the certificate added "jumped or fell from window of veterans hospital". The furnishing of proof that the death was by accidental means, as required by the said policy provisions, was a condition precedent to liability on the part of defendant, and defendant's retention of the proof given to it does not constitute waiver of the condition where no proof of accidental death is submitted or where the proof submitted affirmatively shows that the death was not accidental. (*Wachtel* v. *Equitable Life Assur. Soc. of U. S.*, 266 N. Y. 345; *City Bank Farmers Trust Co.* v. *Equitable Life Assur. Soc. of U. S.*, 246 App. Div. 256.) Proofs which state that the insured jumped or fell to his death are "not proof of accidental death". (*Winter* v. *New York Life Ins. Co.*, 260 App. Div. 676, motion for leave to appeal denied 285 N. Y. 864.) Furthermore, assuming *arguendo* that failure to comply with the condition does not bar recovery, in which event plaintiff may be deemed to have made out a prima facie case without adducing any evidence that the means of death were accidental, on the basis of the presumption against suicide (*Wellisch* v. *John Hancock Mut. Life Ins. Co.*, 293 N. Y. 178; *Mallory* v. *Travelers' Ins. Co.*, 47 N. Y. 52), nevertheless, in view of the evidence adduced by defendant which was of circumstances wholly inconsistent with a finding of accidental death and the failure of plaintiff to adduce any evidence to the contrary, the presumption is of no avail and plaintiff has failed to overcome the burden of establishing that the death was by accidental means (*Wellisch* v. *John Hancock Mut. Life Ins. Co.*, supra; *Jahn* v. *Commercial Travelers Mut. Acc. Assn. of Amer.*, 256 App. Div. 835). The evidence was that the insured, a male of about twenty-nine years of age, was a bed patient in a second floor room of a veterans hospital on the day of his death; that he suffered from rheumatic heart disease; that he had spent various periods in hospitals during the year and a half up to the time of his death; that he had been mentally depressed within the weeks immediately previous to his death; that his body was found on the ground beneath the window of the room; that both sashes of the window were found to be drawn up into the upper half of the window, that the lower half was covered with bronze screening mounted upon a wooden frame which was attached to the window frame, and that the screening was broken to the extent that its lower portion, which was variously stated to measure from the bottom of the window sill three feet up to the center of the screening, or one fourth or one third of the height of the screen, flapped outwardly; and a physicist testified that, in his opinion, the assured's body had horizontal velocity when it left the window, on the basis, among other things, of the distance between the body on the ground and the base of the building, and the height of the window above the ground. The finding of fact, implicit in the verdict, that the death was effected through accidental means and not suicide is reversed. Nolan, P. J., Wenzel, Schmidt, Beldock and Murphy, JJ., concur.