Dye, J.
The plaintiff is the beneficiary named in three policies of insurance issued by the defendant company on the life of her late husband. The policies each contained a provision for double indemnity benefits payable ‘ ‘ upon receipt * * * [by the company] * * * of due proof that the death of the Insured occurred as a result, directly and independently of all other causes, of bodily injuries effected solely through external, violent and accidental means ” except that it would not be paid “ if * * * death results * * * (c) from suicide ”.
Before commencing the within suit and within the time limited by the policies, the beneficiary submitted written proof of death on a form furnished by the company and attached thereto a copy of the certificate of death issued and certified by the Department of Health, City of New York, and the medical examiner’s report. The documents all stated that cause of death was “ fractured skull: cerebral hemorrhage and laceration ”. The death certificate and the medical examiner’s report contained the added comment “ jumped or fell from window of veteran’s hospital 7/4/52 ”.
Upon receipt of such proof, the company promptly paid the ordinary death benefits but refused to pay the double indemnity benefits. The plaintiff then commenced this action without, however, serving any additional proofs. The company defended on the general ground that the proof, as furnished, failed to establish that death was due to accidental means and on the affirmative ground that death resulted from suicide. The court *533 below has properly ruled that “ due proof ” of death by accidental means is a condition precedent to liability but we think erred as a matter of law in deciding that the proof, as furnished, failed to meet the ' ‘ due proof ’ ’ requirement of the policies of accidental means and that the presumption against suicide had been overcome.
The event leading to decedent’s death was unwitnessed. The record, however, contains proof establishing that decedent, aged 29 years, had suffered for many years from rheumatic heart disease, shortness of breath and ankle edema. On the day he died, July 4, 1952, his body was found on the ground beneath the window of his room. Investigation revealed that both sashes of the window were drawn up into the upper half and that the bronze screen in the open lower half was broken and “ flapped ” outwardly. Other sharply controverted proof was offered to show that the insured was mentally depressed during the weeks immediately preceding his death and that the few feet separating the body from the wall of the building might have been due to horizontal velocity when it left the window, but nowhere was it shown that the deceased did not roll over or crawl after he landed and before he died.
The jury, by its verdict, properly rejected the defense based on suicide and found that the death of the insured was due to accident. Indeed, it had no other course, for the proof as to suicide — when viewed in its most favorable aspect — did no more than raise an issue of fact, for it cannot be said to be so conclusive as to require the jury to return a verdict of suicide. When death has resulted from violence, the presumption against suicide does more than shift the burden of proof and upon having done so disappears from the case; it continues to the end of the case and if a fair question of fact is presented as to whether death was due to suicide or accident, then the jury should answer accident (Wellisch v. John Hancock Mut. Life Ins. Co., 293 N. Y. 178).
In the absence of words defining the constituent elements of accidental means, it must follow that the “ due proof ” intended is that from which a reasonable person might reasonably draw an inference of accidental means. Plaintiff’s proof of claim and supporting documents showing that death was due to “ fractured skull: hemorrhage and laceration ’ ’, a condition which could have resulted from falling from a second-story window, furnishes a prima facie basis from which an inference of acci *534 dental means might reasonably be drawn. The added words —- ‘ ‘ jumped or fell ’ ’ — appearing in the death certificate and report of the medical examiner, may not be read as conclusively establishing death by suicide. No one saw decedent jump. In the absence of more specific requirements the proof as furnished, we believe, was sufficient to satisfy the policy requirement of “ due proof” that death of the insured had occurred as the result of accidental means and that the company was not justified in rejecting the plaintiff’s claim for accidental means death benefits (double indemnity).
The case of Wachtel v. Equitable Life Assur. Soc. (266 N. Y. 345), relied on in the court below, is not authority to the contrary for there the proof submitted not only failed to show that death was accidental, but rather that death was due to disease and not to accident. Nor does the proof of death, as furnished, indicate death was due to suicide as in City Bank Farmers' Trust Co. v. Equitable Life Assur. Soc. (246 App. Div. 256) ; nor is the proof lacking as in Winter v. New York Life Ins. Co. (260 App. Div. 676, motion for leave to appeal denied 285 N. Y. 864).
The judgment of the Appellate Division should be reversed and a new trial granted, with costs to appellant to abide the event.
Conway, Ch. J., Desmond, Fuld, Fboessel and Burke, JJ., concur with Dye, J.; Van Voorhis, J., dissents and votes to affirm.
Judgment reversed, etc.