Benjamin Brenner, J.
This action to recover double indemnity for accidental death was tried without a jury following a prior jury trial which ended in disagreement. .....
Decedent was 68 years old. He suffered from a cardiac ailment and sedatives and oxygen were administered to him.at a hospital in his last days.. In the morning of October 14,1954 he was found lying dead on the pavement adjacent to the hospital wall some nine stories below the room in which he had been confined. No one witnessed the event. '
Defendant asks that I make a finding of suicide. Judge Dye in the recent case of Begley v. Prudential Ins. Co. (1. N. Y. 2d 530, revg. 285 App. Div. 961) further strengthened the-presump-tian against suicide as follows (p. 533): “ If a fair question of fact is presented as to whether death was due to suicide or accident, then the jury should answer accident”. Although the facts here are substantially similar to those obtaining in Begley (supra) defendant’s contention is that upon the evidence no fair question of fact has actually been presented and that suicide alone may reasonably be adduced therefrom. Defendant thus urges that plaintiff has failed to .meet-the burden of proof that death resulted solely from accidental means.
It is no simple matter to decide whether. suicide or accident caused the unwitnessed death of a seriously ill person falling from so great a height. Even if, as plaintiff.'contends, the bed rail was down, the window immediately adjacent to the bed wide open, and the ventilator affixed to such window previously removed — were I even to find that the deceased somehow moved in his bed, or, seeking air because of his malady or the warmth of the day, found himself sprawling over the radiator .and across the width of the window sill and ledge — the fact remains that his physical stature and the aspects and dimensions of the window structure are such as to make. it unlikely that he toppled without some prior effort and intent to place himself in that precarious position, unless he did so in his sleep, while in a stupor or otherwise helpless.
Yet, considering the evidence in the best light from the point of view of the defendant, this elderly and very ill person, in and out of an oxygen tent, complaining throughout that morning, requiring constant attention of doctors and nurses and being fed sedatives, could not, as defendant urges, have been the active invalid bent on suicide. It is inconceivable that in such physical condition he committed suicide .after, manipulating the bed rails *7 which. required a. horizontal movement for ample space from the wall, removing the ventilator and opening wide the massive window :(2% feet :from the floor, requiring a force of some 32 to 44 pounds); that thereupon this spent and helpless old man either sprawled across the radiator and window from the floor or crept along the bed and across a width of some 2% feet from the side of the radiator to the outside wall to deliberately fling himself out.-
Whatever the assumptions arrived at by the opposing parties, based as they are upon pure speculation concerning this unwit-nessed occurrence, I must conclude that defendant has not overcome the presumption of law against suicide (Wellisch v. John Hancock Mut. Life Ins. Co., 293 N. Y. 178) which is a true presumption, firmly established, and which places the onus upon the defendant to destroy it (Martorella v. Prudential Ins. Co., 268 N. Y. 586) since it remains throughout the case (Begley, supra).
I can, of course, think of numerous ways in which the deceased could have unwittingly reached the window and lost balance and a score of reasonable hypotheses other than that of suicide to warrant my finding and application of the presumption of accident. The circumstantial evidence is therefore such that one cannot fairly say that death occurred in a manner “wholly inconsistent with a finding of accident and there is no reasonable hypothesis available except that of suicide.” (Wellisch v. John Hancock Mut. Life Ins. Co., supra, p. 185.)
The claim that under the terms of the policy, in addition to his burden of proof that death occurred solely through accident, the plaintiff must affirmatively establish that pre-existing heart disease did not produce death, is not quite firmly established as the law in this State (cf. 144 A. L. R., pp. 1417-1418). This contention is moreover untenable because, considering the nature, distance and violence of the fall,- heart failure as the proximate cause of death is, under the facts .here, an inadmissible concept. In this aspect of the case the principal authority cited by defendant (Gittelson v. New York Life Ins. Co., 266 App. Div. 141) is distinguishable because in the case at bar the question of tendency to fall due to disease is not a factor.
If, as defendant implies, death may have been due to heart failure, then it occurred before he was suspended from the window and before he toppled. Surely he could not have first died and then propelled his corpse from the window. If he was alive while standing over or lying across the radiator and window, before he fell, we must assume that he was dead before the fall, another unwarranted and wholly gratuitous assqmptiorq npt *8 based upon the evidence. Nor is it fair to speculate that suicide occurred in a moment of temporary insanity. In such case he must be assumed to have conceived the act even though deranged, another purely speculative assumption not warranted by the evidence.
I must finally consider evidence of the extreme religious character of the deceased. He was a pious, strictly orthodox Jew, president of his synagogue and an officer of a Hebrew school. According to the testimony, suicide is uniformly considered by orthodox rabbis to be a heinous crime. Also, the uncontroverted testimony by witnesses for both parties is that by no word or action on the part of the deceased did he indicate an intent to commit suicide, so contrary to his religious tenets and training. This added circumstantial evidence is an aid to and consistent with the legal presumption which this defendant has failed to overcome.
Judgment for plaintiff in the amount sued for.