John L. Flynn, J.
Defendant moves for summary judgment dismissing the complaint. Plaintiff seeks by this action to recover the benefit payable under a policy for accidental death. The insured died on August 30, 1958, a few days after surgical operation. For some time thereafter it is alleged that plaintiff was informed that her husband had died of a heart attack. After some investigation, plaintiff informed the defendant by letter of April 20, 1959 that her husband had died on August 30, 1958 and stated further “ I will file a claim later ”. Under the policy, plaintiff was required to give notice of death within 20 days after the death occurs with full particulars of the accident and its results. Failure to give such notice within 20 days shall invalidate all claims “ unless the notice herein specified shall be shown by the claimant not to have been reasonably possible ”.
Upon the basis of this submission, it must be deemed that a triable issue has been raised upon the question whether it was reasonably possible to give the notice within 20 days or at any time before it was given.
The policy provides that action shall be commenced within one year. This condition has been met. However, proof of claim was not filed, and the question remains whether the filing of a proof of claim within 90 days was waived. If failure to give notice of death by accident within the time limited is excused by reason of the alleged fact that it was not reasonably possible to do so, the plaintiff cannot be defeated by the fact that proof of loss was not given in the time limited and before the time when it became reasonably possible to give notice of claim.
Plaintiff’s letter of April 20, 1959 was not in fact a notice of death in compliance with the condition of the policy regardless when it was given. The defendant’s responsive letter dated April 27,1959 stated: ‘ ‘ The certificate he held in the Association provided, subject to all its terms, benefits for loss of time, or life which was due solely and exclusively to external, violent and accidental means, independent of any disease condition. There was no benefit whatever for any loss due to sickness nor were there any hospitalization reimbursements.” This was not an outright denial of liability but merely a disclaimer that anything was due by reason of ordinary death. No claim for death by accident had yet been made. The defendant was further informed by letter of July 15,1959 that a claim was being made for accidental death and the letter went on to state: “In the *745 event you desire any forms to be filled out in connection with, this matter, I would appreciate being furnished with them promptly. Otherwise, I suggest that you treat this letter as a formal request for payment of $10,000 under the above mentioned policy to the beneficiary, Mrs. Alice 0. Foulis.” In the responsive letter of July 20,1959, it was stated:
‘ ‘ The certificate held by Mr. Foulis contains a provision that affirmative proofs of loss must be filed within ninety days following the date of death and that notice of accident and of death must each be filed with us within twenty days of their respective occurrences.
“ However, if Mrs. Foulis desires to do so, she may sign and return to us the enclosed proposed letter, in which it is agreed that any consideration we may give to the claim and any investigation we may make is not to be construed as a waiver of any of the provisions of the certificate and in which it is also agreed that if we so desire an autopsy may be held in order to determine the cause of death.
‘ ‘ On receipt of this letter, we shall be glad to proceed promptly with our investigation and will then submit the entire matter to our Board of Directors for their consideration and determination.”
At this time of course it must be deemed that in the view of the defendant there had not been timely notice of death nor timely notice of proof of claim and the request for reservation of rights as a condition for accepting and considering the notice and proof for the purpose of investigation cannot be considered a waiver of the requirement to file a proof of claim. Nothing further occurred in this regard (Wachtel v. Equitable Life Assur. Soc., 266 N. Y. 345).
The motion is granted.