Jasen, J.
 

 In this action, plaintiff sought to recover damages for the severe personal injuries he suffered when he was struck by defendant’s subway train on May 9, 1968. Plaintiff testified that he was pushed or bumped off the platform onto the subway tracks, but could not extricate himself in time to avoid being struck. Plaintiff advanced the last clear chance doctrine as the theory of liability, contending that defendant’s motorman could have avoided striking him if he had maintained a proper lookout. On its behalf, defendant asserted that plaintiff attempted to commit suicide and had intentionally caused his injuries. The motorman of this particular train, as well as a disinterested third person, testified that plaintiff literally threw himself at the lead car of the decelerating
 
 *287
 
 train when it was no more than 10 feet away. They stated that after impact with the front of the train, he fell to the tracks and was run over by the front wheels of this first car before the train could be stopped. Shortly after his admission to Roosevelt Hospital, an entry in the hospital record described him as being in a "suicidal frame of mind”. Evidence was also presented that plaintiff had recently been separated by formal agreement from his wife who returned to Puerto Rico with their two sons, later moved to California and never rejoined the plaintiff. The jury, accepting the defense version of this unfortunate occurrence, found for the defendant. The Appellate Division affirmed, without opinion.
 

 The principal issue presented to us on this appeal is whether a plaintiff, in a personal injury action, is entitled to a charge on the presumption against suicide where the defense offers proof that plaintiff was injured as a result of an unsuccessful suicide attempt.
 

 We conclude that the trial court properly denied the requested charge and would, therefore, affirm the order of the Appellate Division.
 

 While the presumption against suicide when death results from violence is well established in our State
 
 (Begley v Prudential Ins. Co. of Amen,
 
 1 NY2d 530, 533; see, also,
 
 Wellisch v John Hancock Mut. Life Ins. Co.,
 
 293 NY 178, 184;
 
 Mallory v Travelers’ Ins. Co.,
 
 47 NY 52, 54-55; Richardson, Evidence [10th ed], § 61), it does not follow that the law should also create a presumption against
 
 attempted
 
 suicide where the issue is raised. Generally presumptions are created to "correct an imbalance resulting from one party’s superior access to the proof’ (McCormick, Evidence [2d ed], § 343, pp 806-807) and to "assist the tribunal’s mind evidentially by inferring probatively the unknown from the known” (9 Wigmore, Evidence [3d ed], § 2498a, p 335). Thus, where death results from an accident, the law recognizes the imbalance of proof created by the unavailability of the decedent and assists the next of kin in the proof of their case by recognizing certain presumptions, one of which is the presumption against suicide. But, where death does not result from an accident, the injured party normally is available to testify at the trial as to his version of the occurrence, including testimony on the issue of attempted suicide. Under such circumstances, neither party has superior access to the proof and there is no need to assist the court evidentially as there would be where death has resulted from
 
 *288
 
 the accident, preventing the jury from hearing the decedent’s version. Therefore, the reasoning supporting presumptions suggests no need here for a presumption against attempted suicide.
 

 Plaintiff also argues that the court erred in its instruction to the jury regarding the last clear chance doctrine. He does not object to the court’s articulation of the theory of last clear chance as such. Rather, he contends that the charge did not permit the jury to apply the doctrine if it determined that although plaintiff did jump onto the tracks in a suicide attempt, he did so when the train was still far enough away to permit the motorman to halt it before hitting plaintiff. This argument assumes that the jury might reject so much of the defense testimony as indicated that the train was less than 10 feet away when plaintiff jumped, while at the same time discrediting the portion of plaintiffs testimony relating to his being pushed. However, even in the unlikely event that the jury did view the evidence in this manner, we think that the charge, read as a whole, permitted the jury to consider all of the evidence in the case and properly apply the last clear chance doctrine.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed, with costs.