OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and a new trial granted.
On this record and in light of the strong presumption against suicide, it cannot be said that a fair question of fact as to accident has not been presented (Wellish v John Hancock Mut. Life Ins. Co., 293 NY 178, 185). Where, as here, there is a reasonable hypothesis of accidental death, however unlikely, it is the jury’s business to resolve the doubt (id., at p 185; see also, Begley v Prudential Ins. Co., 1 NY2d 530). The jury verdict cannot, therefore, be set aside for want of sufficient evidence (Cohen v Hallmark Cards, 45 NY2d 493).
There must, nevertheless, be a reversal, for the exclusion of Dr. Baden’s opinion that decedent’s death was a suicide was an abuse of discretion as a matter of law. Although the jury may have been able to evaluate some of the evidence presented, whether the number of pills required to reach the level of toxicity found in decedent’s body could have been taken inadvertently or whether the circumstances surrounding the body were consistent with general patterns of behavior exhibited by other suicide victims were not matters within their ken (see, People v Keindl, 68 NY2d 410; People v Cronin, 60 NY2d 430; People v Smith, 59 NY2d 156; People v Fisher, 53 NY2d 907; People v Henson, 33 NY2d 63; cf. People v Creasy, 236 NY 205) particularly in view of the expert testimony introduced by the plaintiff.
As the Trial Judge in his ruling agreed, it necessarily follows that redaction of the death certificate and autopsy report, both signed by Dr. Baden, to omit the "suicide” conclusion was error (see also, County Law § 674 [3]; CPLR 4520; Public Health Law § 4103 [3]).
*677 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.