OPINION OF THE COURT
Edward M. Kaufmann, J.
Petitioner, Victoria C., has moved for an order permitting the introduction of expert testimony by a mental health *703 professional in a fact-finding hearing which is to be conducted pursuant to Family Court Act § 832. Respondents are opposed to her application, and move, alternatively, for an order directing that any psychological evaluation of the petitioner conducted for purposes of these proceedings be preserved by videotaping.
By petitions filed on January 3, 1995, petitioner alleges that her husband, Higinio C., Sr., and her son, Higinio C., Jr., have committed one or more family offenses, as defined by Family Court Act § 812 (1), and she requests that a final order of protection be issued against each respondent (see, Family Ct Act § 841 [d]; § 842). Mrs. C.’s petitions, as well as family offense petitions filed against her by her husband and son, have been adjourned for a consolidated trial.
In support of her application to introduce expert testimony at the fact-finding hearing, petitioner alleges that her husband has physically and emotionally abused her throughout their 22-year relationship. Petitioner seeks to introduce expert testimony relating to the "battered woman’s syndrome” to explain her reaction to the abuse allegedly inflicted by her husband, specifically, her failure to abandon the marital home prior to January 1995, her use, purchase, and sale of narcotics at her husband’s direction, and the impact that her deafness had in making her dependent upon him.
For purposes of a fact-finding hearing, Family Court Act § 834 provides: "[o]nly competent, material and relevant evidence may be admitted in a fact-finding hearing”.
Because family offense proceedings commenced in the Family Court are civil proceedings (see, People v Williams, 24 NY2d 274; Besharov, Introductory Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act art 8, at 125; 12A Zett-Edmonds-Buttrey-Kaufman, NY Civ Prac, Family Ct Proceedings, § 36.07 [4]; 6 Freed and Brandes, Law and the Family New York, § 10:1 [2d ed]),[1] the rules of civil evidence apply, and " '[a]ll facts having rational probative value are admissible’ unless there is sound reason to exclude them” (Ando v Woodberry, 8 NY2d 165, 167; see, People v Scarola, 71 NY2d 769, 777).
Under New York law, "expert opinions are admissible on *704 subjects involving professional or scientific knowledge or skill not within the range of ordinary training or intelligence” (Matter of Nicole V, 71 NY2d 112, 120 [citation omitted]; see, Dougherty v Milliken, 163 NY 527, 533; De Long v County of Erie, 60 NY2d 296, 307; People v Keindl, 68 NY2d 410, 422; People v Taylor, 75 NY2d 277, 288). Courts of this State have admitted expert testimony regarding physical and behavioral responses and reactions which are not generally understood (see, People v Henson, 33 NY2d 63 ["battered child syndrome”]; People v Eisenman, 39 NY2d 810 ["battered child syndrome”]; People v Keindl, supra [psychological reactions of victim of intrafamilial sexual abuse]; Matter of Nicole V., supra ["sexually abused child syndrome”]; Broun v Equitable Life Assur. Socy., 69 NY2d 675, 676 [behavior patterns of suicide victims]; People v Aphaylath, 68 NY2d 945, 946 [stress and disorientation suffered by certain refugees]; People v Taylor, supra [rape trauma syndrome]; Matter of Antoine J., 185 AD2d 925 ["shaken baby syndrome”]).
The evidence which petitioner proposes to introduce, expert testimony concerning the "battered woman’s syndrome”, has found acceptance in the courts of New York (see, People v Emick, 103 AD2d 643 [manslaughter prosecution]; People v Ciervo, 123 AD2d 393 [manslaughter prosecution]; People v Barrett, 189 AD2d 879 [manslaughter prosecution]; People v Torres, 128 Misc 2d 129 [murder prosecution]; Matter of Glenn G., 154 Misc 2d 677 [child protective proceeding]; People v Rossakis, 159 Misc 2d 611 [murder prosecution]), as well as the courts of other jurisdictions (see, e.g., State v Kelly, 97 NJ 178, 478 A2d 364 [Sup Ct 1984]; State v Borrelli, 227 Conn 153, 629 A2d 1105 [Sup Ct 1993]; State v Koss, 49 Ohio St 3d 213, 551 NE2d 970 [Sup Ct 1990]; State v Cababag, 9 Haw App 496, 850 P2d 716 [Ct App 1993], cert denied 74 Haw 652, 853 P2d 542; People v Aris, 215 Cal App 3d 1178, 264 Cal Rptr 167 [Ct App 1989], rev denied 1990 Cal LEXIS 906; see also, Matter of Glenn G., 154 Misc 2d, at 686-687, supra; Annotation, Admissibility of Expert or Opinion Testimony on Battered Wife or Battered Woman Syndrome, 18 ALR4th 1153 [1982 & 1994 Supps]).
Accordingly, I find that evidence relating to battered woman’s syndrome is presumptively admissible in this family offense proceeding.[2]
*705 Respondents’ application for an order directing that any psychological examination of petitioner conducted for purposes of this litigation be preserved by videotaping is denied. Respondents’ rights to present a defense will be adequately protected by their right to request pretrial disclosure as to the substance of the expert’s proposed testimony (CPLR 3101 [d] [1] [i]), and to request an adjournment to consult with and engage a rebuttal expert witness (see, Family Ct Act § 836). They may also request, upon a proper showing, that I direct petitioner to submit to a further examination by a court-designated psychiatrist or psychologist (Family Ct Act § 251).

. The allegations in a family offense petition need only be established by a fair preponderance of the evidence (see, Family Ct Act § 832; Matter of Holcomb v Holcomb, 176 AD2d 409; Matter of Maryanne PP. v Richard QQ., 192 AD2d 747; Matter of Boyd v Boyd, 193 AD2d 1039).

. Respondents, at this point, have not sought to challenge the admissibility of "battered woman’s syndrome” evidence on the ground that such *705 evidence has not been generally accepted as reliable by mental health professionals (see, Frye v United States, 293 F 1013; People v Wesley, 83 NY2d 417, 422-423).