[Civ. No. 2856.  Second Appellate District, Division Two.—January 17, 1919.]

HATTIE M. BENNETTS, a Widow, Respondent, v. OCCIDENTAL LIFE INSURANCE COMPANY (a Corporation), Appellant.

ACCIDENT INSURANCE—DEATH RESULTING FROM EXERTION—NOT "EXTERNAL" "VIOLENT" OR "ACCIDENTAL" MEANS.—In an action to recover for the death of a person who was insured under an accident insurance policy, by the terms of which he was insured against "death or disability while sane, and resulting directly and independently of all other causes from bodily injuries, effected through external, violent and accidental means," proof that the death of the insured resulted from an exertion in assisting in pulling a swing-pipe out of a sump-hole, which had become clogged therein, during which effort the insured did not slip nor lose his hold nor become unbalanced, and that neither the pipe nor anything else struck him

in any way, but that the entire operation was carried on precisely in the manner intended by the insured, fully sustained the finding of the trial court that the death did not result directly and independently of all other causes from bodily injuries effected through external, violent and accidental means.

NEW TRIAL—ERROR IN GRANTING.—In such case the trial court erred in granting a new trial.

APPEAL from an order of the Superior Court of Kern County granting a new trial. Howard A. Peairs, Judge. Reversed.

The facts are stated in the opinion of the court.

T. F. Allen, Benjamin E. Page, Arthur C. Hurt and Arthur F. Coe for Appellant.

F. E. Borton and Rowen Irwin for Respondent.

THOMAS, J.—This is an action brought by plaintiff against defendant to recover the sum of two thousand ($2,000) dollars upon an accident insurance policy. Defendant issued the policy set forth in the complaint, by the terms of which it insures William J. Bennetts against "death or disability, while sane, and resulting directly and independently of all other causes from bodily injuries, effected through external, violent and accidental means." The policy was issued on the twenty-sixth day of June, 1909, to be in force for a period of twelve months from said date. The insured died on August 11, 1909.

The ground upon which this action was brought was that the death of the insured "resulted directly and independently of all other causes from bodily injuries, effected through external, violent, and accidental means." This contention was denied by defendant. There were two other defenses interposed by defendant, but as no evidence was offered in support thereof, they are immaterial here.

The case was tried by the court without a jury. The court found "that the death of said William J. Bennetts did not result directly and independently of all other causes from bodily injuries effected through external, violent and accidental means"; and further found that the death of said William J. Bennetts did not result from "external means

. . . violent means," or "accidental means," and judgment went for defendant accordingly. This appeal is from the order granting a new trial.

On the day of the alleged accident it appears without conflict that the said insured was assisting one M. R. Craig in pulling out of a sump-hole a swing-pipe, which had gotten clogged therein. The said insured took hold of the pipe a little ahead of the place .where said Craig had hold thereof, and with said Craig pulled on it. The said Craig cautioned him to pull slowly, and told him that the pipe "would have to come slow." While so engaged both men were leaning in front of a rail, pulling, and while so doing Craig heard the insured "give a kind of a grunt, but didn't say anything then." Then they continued to pull, and, in the language of Craig, "pulled it out easily." That night, or the next morning, the insured was taken ill. From this illness, regardless of the cause, he never recovered, his death occurring on August 11, 1909.

It appears that his physical condition and state of health prior thereto for a long time, with one exception, had been very good. That exception was that either in 1905 or 1906 he had undergone a successful operation for appendicitis, since when "he had never made any complaint of illness. Never had an ache or pain."

After being taken from the hospital, on the occasion of his last illness, another operation was performed by the attending physician and surgeon, within the abdominal cavity, where there was found "a band surrounding a portion of the small intestine, and which condition was relieved by the operation"; but the insured died on the fifth day thereafter.

Two points urged by appellant need our consideration. The proper answer to the question: "Did the death of the insured, under the circumstances disclosed by the evidence here, result from bodily injuries effected directly and independently of all other causes, through external, violent and accidental means?"—will dispose of both. Obviously, if the answer be in the affirmative, the order granting a new trial herein was properly made; otherwise it must be reversed.

The supreme court of this state, in the well-considered case of *Rock* v. *Travelers' Ins. Co.,* 172 Cal. 462, [L. R. A. 1916E, 1196, 156 Pac. 1029], in a learned opinion written by Justice Sloss for and adopted by that court, sitting in Bank, has, as

we view it, construed the phrase "bodily injury effected through external, violent and accidental means." The facts in that case were more favorable to the plaintiff there than are the facts in the case at bar to the plaintiff here. The views there expressed are, we believe, determinative of the points here involved.

Paraphrasing some of the language of that case to fit the facts here, briefly stated, the case at bar is simply this: Bennetts undertook to help Craig, the foreman, to lift a pipe out of the sump-hole. In doing so he did not slip, or lose his hold, or become unbalanced; nor did the pipe, or anything else, strike or touch him in any way. The record does not disclose that anything of an unusual or unexpected nature occurred in the course of lifting the pipe out of the sump-hole. The entire operation, so far as disclosed by the evidence, was carried out in precisely the manner intended by Bennetts. The subsequent happenings have already been set forth.

On these facts, which in the case at bar are without conflict, we are of the opinion that the plaintiff failed to sustain the burden, which was upon her, of proving that the death "resulted directly and independently of all other causes, from bodily injuries, effected through external, violent, and accidental means."

On the authority, therefore, of *Rock* v. *Travelers' Ins. Co.,* *supra,* we conclude that the answer to our question must be in the negative.

It follows, therefore, that the findings of the trial court were sustained by the evidence, and that a new trial should not have been granted.

Order granting a new trial reversed.

Finlayson, P. J., and Sloane, J., concurred.