## BYRDINA R. CLAY v. NEW YORK LIFE INSURANCE COMPANY.[1]

April 24, 1931.

No. 28,374.

*Doherty, Rumble, Bunn & Butler* and *R. O. Sullivan,* for appellant.

*Daly & Barnard* and *A. E. Kief,* for respondent.

[1] Reported in 236 N. W. 305.

LORING, J.

In an action upon the double indemnity feature of a life insurance policy, plaintiff recovered a verdict. Defendant moved for judgment notwithstanding the verdict, which was denied and judgment was entered, from which the defendant has appealed. The death of the insured was admitted, and the defendant paid the face of its life insurance policy but refused to pay the double indemnity under the provision which covered death resulting directly and independently of all other causes, from bodily injuries effected solely through external, violent, and accidental cause, but not if the death resulted directly or indirectly from illness or disease of any kind.

In this case the insured was the proprietor of a public garage, having several men in his employ. On the day that his death occurred a blizzard was sweeping the country, and his garage was crowded with cars. His service truck pulled in a loaded truck, and he was engaged in helping one of his men push the service truck over the floor of the garage. Skeie, the man whom he was assisting, saw that he was exerting himself in the pushing of the truck and that he slipped with one of his feet and immediately straightened up but toppled and fell into Skeie's arms. Within a few minutes he died of cerebral hemorrhage.

About 17 months prior to the accident he had been examined for life insurance, and it was found that he was in good health, having a blood pressure of 128 systolic over 82 diastolic. From that time on he appeared to be in good health until the time of his death. There was no evidence that he suffered from hardening of the arteries or that his arteries were diseased or defective in any way, and the plaintiff's physicians gave it as their opinion upon the trial that it was unlikely that they were so diseased. At any rate the burden was upon the defendant on that phase of the case. Lickleider v. Iowa S. T. M. Assn. 184 Iowa, 423, 166 N. W. 363, 168 N. W. 884, 3 A. L. R. 1295. The plaintiff's expert witnesses testified that in their opinion the cause of the death of the insured was the cerebral hemorrhage, which was brought on by his slipping at the time that he was exerting a great deal of force to move the truck.

One of them explained his opinion by saying that as the result of his exertions the blood pressure would be raised, particularly in the brain. Then there was superimposed on that pressure, by the slipping, a severe jolt or jar, which caused the hemorrhage. In his opinion this might occur with a practically normal blood vessel. These medical experts admitted that it was possible that the hemorrhage might have occurred before the insured slipped, but that it was improbable that the exertion without the slipping would cause the hemorrhage in a man of his age and condition of health.

The defendant contends that the evidence is insufficient to support a finding on the part of the jury that the insured slipped just before he fell into Skeie's arms. While this was disputed by two witnesses, we are of the opinion from a careful reading of the record that it was a question for the jury, and that if a slip caused the hemorrhage, the plaintiff's judgment should stand.

The defendant has presented a comprehensive brief, wherein amongst other things there is discussed the distinction between an injury which occurs through accidental means and an accidental injury or death. There has also been presented to the court an elaborate monograph entitled *Accidental Means* by William Marshall Bullitt which discusses the subject at considerable length; but as we view the case that distinction is not important, because if the plaintiff has a case at all it arises out of an injury which was due to accidental cause, namely, the slipping, which caused the hemorrhage.

Many cases are cited on page 22 of Bullitt's monograph which support a recovery in situations similar to that here involved. Ludwig v. Preferred Acc. Ins. Co. 113 Minn. 510, 130 N. W. 5; Frommelt v. Travelers Ins. Co. 150 Minn. 66, 184 N. W. 565; Standard L. & A. Ins. Co. v. Schmaltz, 66 Ark. 588, 53 S. W. 49, 74 A. S. R. 112; Lickleider v. Iowa S. T. M. Assn. 184 Iowa, 423, 166 N. W. 363, 168 N. W. 884, 3 A. L. R. 1295; United States M. A. Assn. v. Barry, 131 U. S. 100, 9 S. Ct. 755, 33 L. ed. 60.

The judgment is affirmed.