MARY DANA, Plaintiff, *v.* NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Defendant.*

Supreme Court, New York County, August 8, 1932.

---

* Affd., 236 App. Div. 836.

*Goldstein & Goldstein*, for the plaintiff.

*Valentine & Chichester*, for the defendant.

SCHMUCK, J. Motion granted.

Summary judgment is awarded the plaintiff for the amount sued for, less the deduction conceded by plaintiff due the defendant by reason of a loan made the insured during his lifetime — to be specific, for the amount of $5,479.32, with interest from January 14, 1932. The clerk is directed to enter judgment accordingly. The sole question raised by the pleadings is whether plaintiff has filed due proof of death. If this is affirmatively resolved, plaintiff must succeed. Although the court believes that this question is *res adjudicata*, or at least *stare decisis*, between these parties by reason of former adjudication, yet favor is lent this application because the court finds the law in accord with plaintiff's contention. A search of the law concerning proof of loss, or more particularly proof of death, permits of the inference that unless the policy specifically provides that proof of loss or death must be made on blanks furnished by the company for that purpose, it is unnecessary for the beneficiary in order to recover to do aught else than establish the bare fact of the death of the insured. Authority and text-books are unanimous in declaring that proof of death need not necessarily be on forms supplied by the company. If a policy is payable after due notice and proof of death, this means such reasonable proof as will normally give assurance that the event has happened. What is generally considered due proof cannot be regulated or limited by any custom or usage prevailing in the company's business. To thus arbitrarily define due proof of death the usage must be brought to the attention of the assured before issuance of the policy. And this can be best effected by incorporating it in the policy. Settle order.