RALPH LAWRENCE, PLAINTIFF-RESPONDENT, v. MASSA-CHUSETTS BONDING AND INSURANCE COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 11, 1934—Decided August 28, 1934.

On appeal from the First District Court of the City of Newark.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff-respondent, *Reuben Brown.*

For the defendant-appellant, *Herman L. Fast.*

The opinion of the court was delivered by

CASE, J. The appeal is from a judgment rendered in the First District Court of the City of Newark, the judge sit-

ting without a jury. The action was on an indemnity policy wherein one Lippold was insured "against bodily injury sustained during the life of this policy directly and independently of all other causes through accidental means." Lippold assigned his claim to Lawrence.

The case was settled by the trial judge for the appeal and certified to us in the following language:

"The suit is brought upon a policy of insurance issued by the defendant to the plaintiff's assignor, 'against bodily injury sustained during the life of this policy, directly and independently of all other causes through accidental means.' Plaintiff's assignor testified that he is accustomed to playing quoits for exercise and amusement, and has an individual and peculiar form of delivery, which he has always used. There was no testimony to show in what manner the assured's delivery differed from any other delivery. On May 30th, 1927, while in the act of pitching a quoit, assured gave himself or experienced a twist, wrenched his back and fell to the ground, suffering excruciating pain. The medical testimony disclosed that the assured was suffering as a result of this experience. The policy is a New York contract. No point was made at the trial concerning the injury sustained or the length of disability, the sole question being whether the facts stated warranted a recovery under the policy."

Judgment was entered for the plaintiff. The defendant appeals.

The point made on the appeal is that the court erred in finding against the defendant in that there are no facts to support the only proposition upon which liability could rest, namely, that the injury arose, directly and independently of all other causes, through accidental means. A chance happening, commonly called an accident, may occur otherwise than by accidental means. The distinction was drawn in *United States Mutual Accident Association* v. *Barry,* 131 *U. S.* 100, 121; 33 *L. Ed.* 60, 67, wherein it was said "that if a result is such as follows from ordinary means, voluntarily employed, in a not unusual or unexpected way, it cannot be called a result effected by accidental means; but that if, in

the act which precedes the injury, something unforeseen, unexpected, unusual occurs which produces the injury, then the injury has resulted through accidental means." Our Court of Errors and Appeals has lately (*Lower* v. *Metropolitan Life Insurance Co.*, 111 *N. J. L.* 426, accepted that language as a definition of "accidental means." As to the proofs we are limited to the statement prepared by the trial judge at the request of the parties and set out at length above. It therein appears that the injury was a wrenched back caused by the plaintiff's throwing quoits in his accustomed individual manner without any deviation, so far as appears, from the intentional and the normal. The injury preceded the fall. Stated otherwise, the fall was the result of, and not a cause of, the injury. The means by which the injury occurred were, to use the words of the Barry and Lower cases, *supra,* ordinary means, voluntarily employed, in a not unusual or unexpected way. Consequently, the result may not be said to have been effected by accidental means.

It is the respondent's contention that the issue should be determined exclusively by the law of the State of New York, but we find nothing therein to change the conclusion suggested above. In *Appel* v. *Aetna Life Insurance Co.*, 83 *N. Y. Supp.* 238; *affirmed,* 180 *N. Y.* 514, a suit on a similar provision of an accident policy on the death of the insured resulting from overexertion in riding a bicycle, the court said:

"If the deceased had had a weak heart, and had deliberately and in the usual way walked rapidly up a hill, which caused the heart action to stop, could it be said that the death was the result of accident? It might be unwise to undertake to reach the top of the hill on foot, and of course the result was not anticipated, but there was no accident about it. The most that can be said in such cases, and in the case at bar is that the result was accidental, but the means which produced it were not accidental. As we have seen, the evidence wholly fails to show that the deceased did anything which he did not fully intend to do, or that what he did was not precisely as intended; therefore the results of such acts, his death, was not produced by accidental means."

To like effect are *Fane* v. *National Association of Railways,* 188 *N. Y. Supp.* 222; *Barnstead* v. *Commercial Traveler,* 198 *Id.* 416; *Allendorf* v. *Fidelity,* 227 *Id.* 765. The theory that, to fasten liability, there must be an unexpected and unintentional element in the means has not, we think, been overruled in any of the New York cases cited by the respondent, among which are *Lewis* v. *Ocean Accident and Guaranty Corp.,* 224 *N. Y.* 18; 120 *N. E. Rep.* 56, and *Silverstein* v. *Metropolitan Life Insurance Co.,* 254 *N. Y.* 81; 171 *N. E. Rep.* 914. In the Lewis case the accidental means consisted of the unexpected and unintentional driving of the *staphylococcus aureus* germ through the skin by puncturing a pimple, and in the Silverstein case the accidental means were that the insured, in lifting a milk can, slipped and fell, the can striking him on the abdomen. So in each of the cases cited by respondent there enters into the chain of events leading up to the injury something unforeseen, unexpected or unusual which produced the result. In the very narrow factual presentation laid before us the result was the wrenching of the insured's back, an outcome that may perhaps be called an accident; but there was nothing in the preceding events that did not transpire precisely as planned and intended. The means were not accidental.

The judgment below will be reversed and a new trial had.