VIOLA E. WALTERS, PLAINTIFF-APPELLEE, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, A CORPORATION, DEFENDANT-APPELLANT.

Argued October 25, 1935—Decided April 2, 1936.

For the defendant-appellant, *Perkins, Drewen & Nugent* (*Randolph Perkins* and *John Drewen.*)

For the plaintiff-appellee, *Adelman & Adelman* (*A. Harry Adelman*).

The opinion of the court was delivered by

BODINE, J. The plaintiff's insured was killed in an encounter in which he was the aggressor. He attempted to force a man whom he had previously beaten and abused, who then had a drawn revolver, through a kitchen window opening upon a court some sixteen feet below. Perhaps the fatal shot was fired because the man was unable to save himself in any other way, or while trying to resist the trigger may have been moved involuntarily. However, the trial court erroneously left to the jury the question of whether death occurred through accidental means.

The policy in suit provided for increased recovery if death occurred solely through external violent and accidental means. An accident is an event that takes place without one's foresight or expectation. *Kobylakiewicz* v. *Prudential Insurance Co.,* 115 *N. J. L.* 382; 180 *Atl. Rep.* 491. It is obvious that death was due to violent external means. And it is equally certain that it was the reasonable and probable consequence of deceased's action. He must have known that if he continued to force a man with a loaded revolver out of a window that a shot might be fired before he accomplished his purpose.

"That he would be met with forcible resistance was not improbable, but inevitable. The tragic result was unforeseen, but his injuries were the reasonable, natural and probable consequence of his own vicious and criminal act. His death was the direct result of the assault he committed * * * and not an accident, within the meaning of the policy." *Halls, Inc.,* v. *United States Fidelity and Guaranty Co.,* 254 *N. Y. Supp.* 589, 592.

"Where a person invites another to a deadly encounter, and does so voluntarily, his death, if he sustains a mortal wound,

cannot be regarded as accidental by any definition of that term which has heretofore been adopted. It might as well be claimed that death is accidental when a man intentionally throws himself across a railroad track in front of an approaching train, or leaps from a high precipice, or swallows a deadly poison. It is possible that death may not result from either of these acts, but death is the result which would naturally be expected, and, if such is the result, it is not accidental." *Taliaferro* v. *Travelers' Protective Association of America,* 80 *Fed. Rep.* 368, 370.

"If the party does something which culpably provokes or induces the act causing his injury or death, then the result is not accidental; but, if he is wholly free from culpability himself, the result is accidental as to him, though it may have been within the deliberate intent of the aggressor." *Interstate Business Men's Association of Des Moines, Iowa,* v. *Lester,* 257 *Fed. Rep.* 225, 230.

"The courts of other states and the federal courts have held that, where one acts as the aggressor in an attack, under circumstances which would render a homicide likely as the result of his own misconduct, death was not accidental within the meaning of similar clauses, in life insurance policies." *Munno* v. *Metropolitan Life Insurance Co.,* 249 *N. Y. Supp.* 471, 472.

"Any occurrence which naturally and probably results from the situation in which a person voluntarily places himself under such circumstances that he can foresee, or will be presumed to foresee, the result, must be held to be expected by him and is not, therefore, in any proper sense an accident." *Piotrowski* v. *Prudential Insurance Company of America,* 252 *N. Y. Supp.* 313, 316.

"We are of opinion that the bodily injury and death of the insured were not incurred by 'accidental means' within the meaning of the policy. He was shot and killed while engaged in the transportation of intoxicating liquor in violation of a federal statute. He is presumed to have known that his act was illegal, that the boat containing the liquor might be fired upon by members of the coast guard, and that he might

be killed. The insured knew that he was liable to be killed if those in control of the boat did not 'bring to' after the pendant and ensign had been hoisted, and a gun fired as a signal. We are of opinion that in these circumstances it would be contrary to public policy to permit a recovery." *DeMello* v. *John Hancock Mutual Life Insurance Co.,* 183 *N. E. Rep.* 255, 256.

Probably deceased was insanely drunk, but, if so, the accident provision of the policy did not cover if death resulted directly or indirectly from mental infirmity or disease in any form. However, we do not settle this point because it is so clear that one attempting to take life or cause serious bodily injuries cannot be said to be accidentally injured by a force which he could have foreseen or expected would be used.

The judgment is reversed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DONGES, HEHER, WOLFSKEIL, RAFFERTY, JJ. 6.

*For reversal*—LLOYD, CASE, BODINE, PERSKIE, HETFIELD, DEAR, WELLS, JJ. 7.