## HANNAH GIDLUND v. BENEFIT ASSOCIATION OF RAILWAY EMPLOYEES.[1]

April 25, 1941.

No. 32,713.

*M. J. Timmons,* for appellant.

*R. F. Merriam,* for respondent.

LORING, JUSTICE.

This case comes here on appeal by the plaintiff from a judgment entered pursuant to an order of the district court granting judgment for the defendant notwithstanding a verdict for plaintiff.

March 11, 1931, Albin N. Gidlund, since deceased, was issued an accident policy in the defendant company which provided indemnities "for loss resulting directly and exclusively of all other causes, from bodily injury sustained at any time during the life of this policy solely through external, violent and accidental means." At 9:45 in the evening of December 26, 1938, when the above policy was in full force and effect, he was attempting to start his 1928

[1]Reported in 297 N. W. 710.

Essex auto. When the self-starter failed to start the engine, he attempted to start it by hand but stopped after five or six minutes of cranking when the driver of another auto offered to give the car a push. With his wife, he drove several blocks to their home and arrived there at 10:20 p. m. He complained of pain in his chest, breathed heavily, vomited, sweated profusely, and appeared to be very pale and weak. His wife helped him into bed and telephoned her daughter, who called a doctor. Soon after the doctor arrived he administered to Gidlund some amyl nitrite inhalations, then adrenalin injections directly into the heart muscle, and finally applied artificial respiration, all without success. Albin Gidlund, then aged 59 years, died at 12:05 a. m., December 27, 1938, about 15 minutes after the doctor arrived.

The doctors testified that without an autopsy they could only speculate as to whether death was due to an obstruction forming in the coronary artery or to a thrombus flowing into the artery from the heart wall. The case stands as a death from overexertion, there being no evidence whatever of any slipping or other unusual, unexpected, or unforeseen occurrence except the death.

The rule adopted by the weight of authority appears to be that if the insured attempted in an ordinary and accustomed way to perform a particular act and there were no facts from which it could be legally found that anything unforeseen or unexpected occurred to require of the insured unintentional or involuntary physical exertion, his death could not be considered as resulting from accidental means. Generally speaking, death does not result from accidental means where it is the result of the insured's voluntary act unaccompanied by anything entirely unusual, unexpected, or unforeseen except the death or injury. 5 Couch, Cyc. of Ins. Law, § 1143; Fulton v. Metropolitan Cas. Ins. Co. 19 Ga. App. 127, 91 S. E. 228; Lawrence v. Massachusetts B. & I. Co. 113 N. J. L. 265, 268, 174 A. 226. In order to constitute accidental means, there must enter into the chain of events leading up to the injury something unforeseen, unexpected, or unusual which produced the result. The case of Carswell v. Railway Mail Assn.

(5 Cir.) 8 F. (2d) 612, is similar to the one at bar. The plaintiff's husband overexerted himself in cranking a car and died as a consequence, and it was there held that the fact that the exertion unintentionally and unexpectedly caused the death did not make accidental the means whereby such death was caused. The court said:

"The physical injury caused by voluntary exertion or strain, which is unaccompanied by anything which is involuntary, unforeseen, and unusual, is not a result of 'external, violent, and accidental means.'"

In Bennetts v. Occidental L. Ins. Co. 39 Cal. App. 384, 387, 178 P. 964, 965, the insured overexerted himself in pulling a swing pipe out of a sump hole and died as a consequence. The court said, in speaking of what the insured was doing:

"In doing so he did not slip, or lose his hold, or become unbalanced; nor did the pipe, or anything else, strike or touch him in any way. The record does not disclose that anything of an unusual or unexpected nature occurred in the course of lifting the pipe out of the sump-hole. The entire operation, so far as disclosed by the evidence, was carried out in precisely the manner intended by Bennetts."

The court, following Rock v. Travelers' Ins. Co. 172 Cal. 462, 156 P. 1029, L. R. A. 1916E, 1196, held that there could be no recovery under a policy reading like the one in the case at bar.

In Wilcox v. Mutual L. Ins. Co. 265 N. Y. 665, 193 N. E. 436, the insured died as the result of overexertion in reaching up to push some heavy planks used to guide a heavy electric transformer into place. He died as the result of a break in the inner coat of the aorta leading to his heart. There was evidence tending to show that the rupture was caused by the effort made by the insured in doing this work. The court held that there could be no recovery under the double indemnity clause in the insured's policies. See also U. S. Mut. Acc. Assn. v. Barry, 131 U. S. 100, 9 S. Ct. 755,

33 L. ed. 60; Allendorf v. Fidelity & Cas. Co. 250 N. Y. 529, 166 N. E. 311; Fane v. National Assn. of Ry. Postal Clerks, 197 App. Div. 145, 188 N. Y. S. 222. Citations of cases to the same effect could be multiplied.

In Clay v. New York L. Ins. Co. 183 Minn. 275, 236 N. W. 305, there was evidence tending to show that the insured slipped and fell and recovery was sustained on that ground. This distinguishes that case from the one at bar.

There are cases holding that where death or injury is unforeseen, unexpected, and without design and is not such as naturally or ordinarily results from the voluntary act of the insured, the unusual result may be said to constitute accidental means. Many of these cases are cited in 5 Couch, Cyc. of Ins. Law, § 1145, p. 4027. In our opinion, these cases stretch legitimate construction of the contractual language beyond sound reason.

Upon the record before us, we find no justification for holding that the death of the plaintiff's insured was due to an accident. Therefore, the trial court was right in granting judgment notwithstanding the verdict, and the judgment appealed from must be affirmed.

Affirmed.