SOPHIE DIKOWSKI, PLAINTIFF-APPELLANT, v. METROPOLITAN LIFE INSURANCE COMPANY, DEFENDANT-RESPONDENT.

Submitted October 31, 1941—Decided January 29, 1942.

For the plaintiff-appellant, *Mortimer Katz* (*William L. Vieser,* of counsel).

For the defendant-respondent, *McCarter & English* (*Verling C. Enteman* and *Nicholas Conover English,* of counsel).

The opinion of the court was delivered by

WELLS, J. This is an appeal from a judgment of nonsuit entered in the Essex County Circuit Court in favor of the defendant, Metropolitan Life Insurance Company, hereinafter called the Insurance Company, and against the plaintiff, Sophie Dikowski.

On December 7th, 1931, the Insurance Company issued a policy of insurance on the life of one Zigmund Tishkavich in the face value of $600. The policy further provided that "upon receipt of due proof that the insured, after attaining age 15 and prior to attaining age 70, has sustained, after the date of this policy, bodily injuries, solely through external, violent and accidental means, resulting, directly and independently of all other causes, in the death of the Insured within ninety days from the date of such bodily injuries * * * the Company will pay in addition to any other sums due under this Policy and subject to the provisions of this Policy an accidental death benefit equal to the face amount of insurance then payable at death."

On May 9th, 1935, the plaintiff, a cousin of the insured, was duly designated the beneficiary under this policy.

On April 9th, 1937, a badly mangled body of a man was found along the right-of-way of the Pennsylvania Railroad Company, about one mile and a half toward Elizabeth from the Market Street station in Newark. This body was identified as that of the insured, Tishkavich, and the plaintiff thereupon made claim for the benefits payable under the policy above mentioned.

Payment was subsequently made by the Insurance Company of the value of the policy, but further payment of benefits for accidental death was refused. It is to recover under the clause providing for the "Accidental Death Benefit" that this action was brought.

At the trial the plaintiff introduced testimony by one William G. Tillou, who, on April 9th, 1937, had been an engineer for the Pennsylvania Railroad Company. He stated that on that day he had been operating an express train from New York to Philadelphia, stopping at Newark and Trenton.

Upon stopping at the station in Newark, he noticed a man wearing a light colored coat and a painter's cap standing on the platform. Before his attention was attracted elsewhere, Tillou noticed this man, as he walked along the platform, pull down his cap as if to make a dash toward the train to steal a ride. He did not see him again.

Upon arrival in Philadelphia a light colored coat was found hanging on the brake rigging at the front of the first Pullman car, immediately back of the locomotive. Tillou stated that this coat was similar to that worn by the man he had seen on the platform at Newark.

It was further shown by this witness that there was a space at the front of the Pullman car where a man might stand "flatwise" against the door. However, the witness said, "you would have to hold on pretty tight the way we run."

By other witnesses the plaintiff offered proof that the coat found on the train was owned by the insured. It was also shown that he had been a painter living in Elizabeth at the time of his death.

At the close of the plaintiff's case a motion for nonsuit was made. It is from the judgment entered on the granting of this motion that this appeal is taken.

Most of the legal argument in the court below and before this court deals with the question of whether or not the plaintiff had established a *prima facie* case of death by "accidental means" within the terms of the policy. This argument raises the distinction between "accidental death" and "death by accidental means" as enunciated in the leading case of *United States Mutual Accident Association* v. *Barry,* 131 *U. S.* 100; 33 *L. Ed.* 60, 67.

There can be no doubt that this distinction is recognized in New Jersey. *Lawrence* v. *Massachusetts Bonding Co.,* 113 *N. J. L.* 265; 174 *Atl. Rep.* 226; *Kennedy* v. *United States Fidelity, &c., Co.,* 113 *N. J. L.* 431; 174 *Atl. Rep.* 531; *Walters* v. *Prudential Insurance Co.,* 116 *N. J. L.* 304; 183 *Atl. Rep.* 897. However, this is an action involving contractual obligations and a further question is raised which relates to the plaintiff's right to have started this suit under the insurance contract.

In support of the judgment below the Insurance Company contends that the nonsuit was proper, not only for the reason that the insured's death was not the result of accidental means, but also because it had not received "due proof that the insured * * * sustained * * * bodily injuries solely through external, violent and accidental means, resulting, directly and independently of all other causes, in the death of the insured." The receipt of this "due proof," says the Insurance Company, is a condition precedent to its liability for, and to the plaintiff's rights to recover the double indemnity under the policy.

If the legal proposition advanced by the Insurance Company is correct, then there is no question but it should prevail on this appeal. A review of the record fails to disclose anything in the pleadings or proof which indicates that the plaintiff had submitted any proof to the Insurance Company that the insured had met bodily injury through accidental means. In the argument on motion for nonsuit counsel for the plaintiff stated that proof was filed with the company upon surrender of the policy. However, this is a statement of counsel only, and cannot be considered as evidence of compliance with the terms of the contract.

There appears to be no reported case in this state passing upon the question of submitting proof of death by accidental means as a condition to recovery under a double indemnity clause in a life insurance policy. There are several cases, however, involving other types of insurance contracts, which recognize with favor the obligation of the insured or the beneficiary to submit to the insurer proofs as required by the policy.

In the case of *Kustor* v. *Metropolitan Life Insurance Co.,* 12 *N. J. Mis. R.* 565, the Supreme Court (opinion by Mr. Justice Swayze) recognized the necessity of filing proof of death before recovery on a life insurance policy. In the case of *Lehrhoff* v. *Continental Casualty Insurance Co.,* 101 *N. J. L.* 375, proof of an oral notice to the company was not permitted since the policy required that a written notice be given. In *Goldman* v. *New York Life Insurance Co.,* 115 *N. J. Eq.* 535; 171 *Atl. Rep.* 541, the advantages of a pro-

vision in the policy for waiver of premiums in case of disability were denied because proof of the disability was not submitted to the insurer.

Insurance contracts are a matter of public concern to a certain degree, but when a policy is in proper legal form the parties thereto are bound by private contract, and they must discharge the contractual obligations which are imposed upon them. In such case the court can determine whether these obligations have been met, but in absence of fraud there can be no judicial relief from a duty voluntarily assumed by private contract. It quite naturally follows, therefore, that if an insurance contract calls for submission of certain proofs in order to make a legal claim under the policy, the insurance company has a right to require such proofs unless it waives this contractual provision.

In the present case the policy required the submission of proofs by the beneficiary that injury and death resulted from accidental means. There is no evidence that such proofs were submitted or that this requirement of the policy was waived by the Insurance Company.

We are in accord with the contention of the Insurance Company that the requirement on the part of the plaintiff of submitting proof was a condition imposed by the policy in order to entitle her as the beneficiary to receive payment from the Insurance Company. In other words, the obligation imposed on the beneficiary was a condition precedent to liability on the part of the insurer. This being true, the plaintiff has not invoked liability on the part of the Insurance Company and this action to enforce such a liability cannot be maintained. If a condition of a contract is a condition precedent, its performance must precede a suit for enforcement. *Board of Education* v. *Richmond Construction Co.*, 92 *N. J. L.* 496; 105 *Atl. Rep.* 220.

Plaintiff, in her brief, has assumed that the trial court decided in her favor the question of the necessity of submitting proof before starting suit and says that "if the nonsuit were intended to be granted on the technical ground that plaintiff had failed to prove the filing of proper proof of loss, plaintiff was prepared to go into such proof, and would have

applied for leave to reopen its case on this ground if necessary."

We find nothing in the record to justify this assumption. The record is to the contrary. The defense that defendant had not received due proof was specifically set up in defendant's answer and issue joined thereon by plaintiff's reply. The point was urged as a first ground relied on by defendant in its motion for nonsuit and while the trial court, in its discussion with counsel on the motion, stressed the failure of the plaintiff to show death by accidental means, yet the court informed counsel for plaintiff that plaintiff had also failed to show that she had submitted due proof to the Insurance Company of the death of the insured as a result of accidental means. Notwithstanding this, counsel made no application for leave to reopen the case in order to submit evidence that such proof had been filed.

Under such circumstances there can be no question that the plaintiff's non-compliance with a condition of the insurance contract was brought to her attention in the court below and has been properly raised on this appeal.

However, if the nonsuit should have been granted, but for different reasons than those assigned by the trial court, the nonsuit was nevertheless proper.

We are of the opinion that the nonsuit was properly granted for the reasons herein stated. This makes it unnecessary for us to determine whether the evidence adduced by the plaintiff at the trial was sufficient to establish that the death of the insured was the result of "accidental means."

The judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 16.

*For reversal*—None.