FANNIE FOX, Plaintiff, *v.* NEW YORK LIFE INSURANCE COMPANY,
Defendant.

Supreme Court, Special Term, New York County, July 2, 1942.

*Goldstein & Goldstein* [*David Goldstein* and *Lawrence Kovalsky* of counsel], for the plaintiff.

*Ferdinand H. Pease* [*William F. Young* of counsel], for the defendant.

LEVY, J. On August 4, 1932, plaintiff submitted proofs of death in which the only indicated cause of the assured's death was " lobar pneumonia, ruptured appendix." The specific inquiry that " if death was due to accident, give full particulars and date," was left unanswered. Defendant issued four checks in full settlement of all plaintiff's claims representing the face amount of its policies. More than seven years later, on October 30, 1939, plaintiff forwarded to defendant an affidavit headed " Proof of Accidental Death," in which the only statement regarding the cause of the insured's death, or the manner in which it occurred, reads as follows: " Upon information and belief, deponent further

says that the death of the said Edward Fox was caused solely through external, violent and accidental means, in that the said Edward Fox accidentally injured himself by lifting a poultry crate in and about the month of July, 1932, and the said Edward Fox died solely due to the said accident on or about July 30th, 1932."

Upon that basis she then claimed accidental death and double indemnity.

The policies provided that double indemnity was payable only upon receipt of " due proof that the death of the insured resulted directly and independently of all other causes, from bodily injury effected solely through external, violent and accidental cause," or " means." The defendant, on receipt of plaintiff's affidavit, replied in writing that it was not acceptable as " due proof " but only as a notice of plaintiff's claim that death had been due to accident and offered to return it.

Without further proof that death, which occurred more than seven years before, was due to accident, the plaintiff commenced the present action upon four policies.

The affidavit above referred to fails to comply with the requirement of the policies that " due proof " of death through accident be submitted as a condition precedent to defendant's liability for double indemnity. It represents at most a notice of claim of accidental death. The statement therein contained that the death was due to accident is made " upon information and belief," unsupported by any declaration as to the sources of the information or the grounds for the belief. Obviously, plaintiff had no personal knowledge on the subject.

In *O'Reilly* v. *Guardian Mutual Life Ins. Co.* (60 N. Y. 169) the Court of Appeals pointed out that the requirement of " proof " in an insurance policy is not satisfied by a mere claim or notice, but calls for evidence in some form reasonably sufficient to give assurance to the company that the event has happened upon which its liability depends. The court said (p. 172): " What the character of the ' proof ' should be when not prescribed by the terms of the policy must depend very much upon the fact to be proved, and the evidences by which it is ordinarily established, or of which it is susceptible. * * * ' Proof,' as in addition to notice, must mean evidence in some form, such form as is usual and customary in such cases, or as is recognized by law, and is calculated to convince or persuade the mind of the truth of the fact alleged. * * * it must be such reasonable evidence as the party can command at the time, to give assurance that the event has happened, upon which the liability of the insurers depends.

\* \* \* The purpose of the condition is that the insurer may be able intelligently to form some estimate of his rights and liabilities before he is obliged to pay, and some proof must be exhibited."

In the light of that principle it must be evident that the affidavit filed by plaintiff in 1939 fails to constitute " due proof " within the meaning of the policy that death was due to accident. (*Wachtel* v. *Equitable Life Assur. Soc.*, 266 N. Y. 345.)

The cases relied on by plaintiff are clearly distinguishable. In *Berkowitz* v. *New York Life Ins. Co.* (256 App. Div. 324) it was held that an affidavit stating that the assured had died constituted proof of his death notwithstanding the absence of a physician's affidavit. In *Dana* v. *Northwestern Mutual Life Ins. Co.* (152 Misc. 383) the statement that the death was due to accidental means was made on knowledge and not on information and belief, and, in fact, the question whether the alleged death was accidental was not involved.

In the instant case the affidavit claimed to constitute due proof of death by accidental means is particularly subject to criticism in view of the fact that the previous proof of death filed with the defendant seven years earlier had given lobar pneumonia and a ruptured appendix as the cause, without mention of accident. Under the circumstances something more than an unsupported claim, on information and belief, that death was due to accident was required to overcome the effect of the admissions contained in the prior proof of death. (*Wachtel* v. *Equitable Life Assur. Soc., supra.*)

The court accordingly holds that plaintiff failed to comply with the requirement of defendant's policies that due proof of death by external means be furnished as a condition precedent to liability on its part for double indemnity. It is unnecessary in the circumstances to consider the other points urged by defendant.

The motion for summary judgment dismissing the complaint is granted.