## COHEN v. METROPOLITAN LIFE INS. CO.

District Court, D. New Jersey.

Nov. 9, 1943.

Parsons, Labrecque & Borden, of Red Bank, N. J. (Edmund J. Canzona, of Red Bank, N. J., of counsel), for plaintiff.

McCarter, English & Egner, of Newark, N. J. (Augustus C. Studer, Jr., of Newark, N. J., of counsel), for defendant.

FORMAN, District Judge.

The plaintiff, beneficiary of three policies of insurance on the life of Morris Cohen, deceased, brings this action to recover a certain sum of money under a double indemnity clause in each of the policies payable in the event of the death of the insured by accidental means.

It is alleged in the complaint that the deceased sustained an accident on July 29, 1938, during the term of the policies, and died as a result thereof on August 17, 1938. The defendant has moved for summary judgment relying on the policies of insurance and proofs of death, namely, a physician's statement, an identification statement of a friend of the deceased, and a statement of the claimant, none of which refers to the death as having been caused as a result of an accident.

The sole question before the court is whether the provisions of the policies with respect to due proof of the death of the insured have been met.

The clause in each of the policies providing for an accidental death benefit is worded as follows: " * * * Metropolitan Life Insurance Company * * * Hereby Agrees to pay to the beneficiary or beneficiaries of record under said Policy, in addition to the amount payable according to the terms of said Policy, the sum of * * * Dollars, upon receipt, at the Home Office of the Company in the City of New York, of due proof of the death of the insured, as the result, directly and independently of all other causes, of bodily injuries sustained solely through external, violent and accidental means * * *."

The plaintiff submitted an affidavit stating that a few weeks after the death of the insured, her husband, she conferred with defendant's agent who wrote the policies, and explained to him the manner in which her husband died, which she stated was the result of the accident on July 29, 1938; that at the request of the defendant's agent she went with him to the district office of defendant company at Freehold, New Jersey, and told the same things to the manager of that office.

A contract of insurance is subject to the same scrutiny as any other contract and provisions which constitute conditions precedent to payment under the contract will be recognized. A provision requiring that due proof of the death of the insured must be received before payment to the beneficiary will be made under the contract

64

of insurance imposes a contractual obligation on the part of the beneficiary to show that due proof of such death was given to the insurance company before liability arises on the part of the insurance company. Dikowski v. Metropolitan Life Ins. Co., 128 N.J.L. 124, 24 A.2d 173.

■ The plaintiff contends that there is no requirement in the contracts of insurance that proof of the death of the insured by accidental means must be in writing and that the oral proof given at the district office of the defendant is sufficient to meet the requirements of the policies. It is true that the policies do not require proof in writing but they do specifically state that the company agrees to pay upon receipt of due proof of the death of the insured by accidental means "at the Home Office of the Company in the City of New York". The proof offered by the plaintiff was not submitted at the Home Office but at a district office, to the manager thereof. The condition precedent imposed by the policies in order to entitle the plaintiff as beneficiary to receive payment from the company was therefore not met.

■ Furthermore, the proof required by the policies was specifically stated to be such as to show that the death of the insured was "as the result, directly and independently of all other causes, of bodily injuries sustained solely through external, violent and accidental means, provided * * *", besides other provisions, seven in number, any one of which would have exempted the company from liability if it could not be proven that such proviso was not the case in this particular accidental death. One of the aforesaid provisions, numbered (5), was as follows: "that death shall not have occurred as the result of self-destruction while sane or insane, or as the result or by the contribution, directly or indirectly, of disease or of bodily or mental infirmity;". There is no evidence that proof of this nature was offered to the defendant. The physician's statement offered by the plaintiff as proof of the death of the insured states that the cause of the death is "Mesenteric thrombosis, duodenal ulcer, perforated". The affidavit of the plaintiff submitted to the defendant as proof of the death of the insured contains no statement as to the cause of the insured's death. The oral statements made by the plaintiff to the manager of the district office of the defendant were that the accident was the direct cause of the death of the insured, but there is no evidence that proof was offered to show that the death resulted directly and independently of all other causes, of bodily injuries sustained solely through external, violent and accidental means, or that the death was not caused as the result or by the contribution, directly or indirectly, of disease or of bodily or mental infirmity. Proof of this nature likewise was made a condition precedent to liability on the part of the company in each of the policies. Similarly, this condition precedent was not adequately met by the plaintiff.

Consequently, for these reasons, the plaintiff has not invoked liability on the part of the defendant and this action cannot be maintained. Dikowski v. Metropolitan Life Ins. Co., supra.

The motion of the defendant for summary judgment is granted.