## COHEN v. METROPOLITAN LIFE INS. CO.

### No. 8585.

Circuit Court of Appeals, Third Circuit.

Argued June 20, 1944.

Decided Sept. 22, 1944.

Edmund J. Canzona, of Red Bank, N.J. (Parsons, Labrecque & Borden, of Red Bank, N.J., on the brief), for appellant.

Augustus C. Studer, Jr., of Newark, N. J. (McCarter, English & Egner, of Newark, N.J., on the brief), for appellee.

Before BRATTON and GOODRICH, Circuit Judges, and KIRKPATRICK, District Judge.

KIRKPATRICK, District Judge.

This is an appeal from a summary judgment for the defendant in an action for accidental death benefits, by the beneficiary in three contracts of life insurance. The only question involved is whether the plaintiff has complied with the conditions of the policy relating to the furnishing of due proof of the death of the insured by accidental means.

In passing upon the motion, the court had before it the pleadings, the plaintiff's answer to the defendant's request for admissions, to which was annexed a proof of death in the form of questions and answers together with the physician's statement in the same form, the affidavit of the defendant's general counsel and the affidavit of the plaintiff herself. From this evidence, which discloses no conflict on essential points, the facts appear to be as follows:

The three policies were for different amounts but were otherwise alike. Attached to each was an "Accidental Death Benefit" supplementary contract or rider providing for payments in double the amount of the policy in the event of the insured's death by accidental means. The insured died August 17, 1938. The defendant paid the face amount of each policy but not the accidental death benefit.

Within two or three weeks after her husband's death, the plaintiff had several conversations with the defendant's agent at Freehold, New Jersey, during which she "explained to (him) the manner in which my husband met with his accident and told him that my husband's death was the result of the accident of July 29, 1938." Shortly thereafter she accompanied the agent to the district office of the defendant at Freehold where she had a long interview with a person introduced to her by the agent as the manager, in the course of which she stated that "my husband had met with an accident in Lakewood, New Jersey, on July 29, 1938 and that the accident was the direct cause of his death." The manager told her that the policies were still in the contestable stage and advised her that if she made claim for accidental death benefits the Company might refuse to pay anything. She never gave the defendant any cause other than accident for the death of her husband. Subsequently, she submitted a written proof of death on one of the Company's forms in which the question "Cause of death" was not answered. The physician's statement submitted at the same time contains the following questions and answers: "What was the immediate cause of death? 1. Mesenteric thrombosis. 2. Duodenal ulcer perforated." "Was the death due to suicide, homicide or accident?" "No."

Neither in the body of the policy nor in the supplementary contract is there any requirement that the proof of death be in writing or under oath. Consequently no objection can be taken to the form in which proof was made—an unsworn oral statement of the facts. Levine v. New York Insurance Co., 155 Misc. 806, 280 N.Y.S. 468.

The learned Judge of the District Court put his entry of judgment for the defendant upon two grounds; first, that the plaintiff's proof was not submitted at the home office in New York but at a district office in Freehold, New Jersey, and second, that the plaintiff's oral statement did not sufficiently show death resulting solely through external, violent and accidental means, independently of all other causes, and did not expressly negative disease as a contributing cause.

We are of the opinion that it was not necessary for the plaintiff to submit her proof of death at the home office of the Company in New York City. The

supplementary contract provides that the Company will pay the additional benefits "upon receipt, at the Home Office of the Company in the City of New York, of due proof," etc. The body of the policy contains no condition that the beneficiary must submit the proof of death to the Company at its home office but says merely that the Company will *pay* at its home office, upon receipt of due proof, without specifying where the proof may be received. Upon the back of the policy is a notice to the policyholder which says, "In the event of death of the Insured, the Claimant should promptly advise the Home Office or the District Office through which premium payments have been made."

The supplementary contract in this case does not supersede or eliminate any of the general terms of the policy, but on the contrary expressly incorporates them into it. Conflict between it and the body of the policy can be avoided if the clause in the supplementary contract, relating to receipt of proof at the home office, be taken to mean that the Company will pay the double indemnity benefits only after the claim has been passed upon at its home office. In other words, the district offices have no right to pass upon the validity of accidental death claims but are to transmit the proofs to the home office for determination there. We consider this the fair interpretation of the provision, but if it should be given the interpretation for which the defendant contends the conflict with the notice to policyholders displayed on the back of the policy would create an ambiguity which we should resolve in favor of the insured. The conclusion is that the plaintiff complied with the requirements of the policy as to the place of proof by making her statement at the defendant's district office at Freehold, New Jersey.

As to the remaining point, we think that the evidence shows that the proof of accidental death submitted by the plaintiff was a sufficient compliance with the requirement of the supplementary contract. It will be noted that the provision in question calls for due proof of the death of the insured, "as the result, directly and independently of all other causes, of bodily injuries sustained solely through external, violent and accidental means." It does not say that the proof must negative suicide or disease as contributing causes. That is a condition to recovery, but the preliminary proof need not be cast in a form which

expressly excludes those causes. Nor do we think that the provision of the contract means that the proof must be in complete detail and conform with particularity to the words of the insuring clause. Those words have, through long litigation, become practically words of art, and their precise implications have been the subject of many conflicting judicial decisions. The notice to policyholders advises that it is not necessary to employ an attorney to collect the insurance, but the ordinary layman would certainly need a lawyer to file the kind of proof of death which the defendant argues is necessary. The plaintiff's affidavit, not contradicted, shows that she told the defendant's manager that the accident was the direct cause of her husband's death. This was in the course of a long conversation with the manager and the agent to whom she had already explained the manner in which her husband met with the accident, and it is certainly a reasonable inference that the facts of the accident were discussed at that time. Her affidavit also states that she never gave any cause other than accident.

We do not think it important that, later, in a proof of death on a Company form, the question "Cause of death" was not answered. If the plaintiff's oral statement heretofore made was sufficient, the fact that she did not answer that question was unimportant. Furthermore, in view of what the manager told her, it may well be that the reason for her failure to do so was due to her desire to have the face of the policy paid promptly and not incur the risk of a contest upon the whole policy, which the manager had suggested might occur if she made a claim for the double indemnity.

The law of New Jersey governs, but no decision of a court of New Jersey ruling the question involved has been cited, and we have found none. In Dikowski v. Metropolitan Life Ins. Co., 128 N.J.L. 124, 24 A.2d 173, 174, a very recent case, the Court of Errors and Appeals of New Jersey said: "There appears to be no reported case in this state passing upon the question of submitting proof of death by accidental means as a condition to recovery under a double indemnity clause in a life insurance policy." The policy under consideration in that case was similar to those before the court in this appeal but the question before the court was not the sufficiency of proof submitted but whether failure to submit any proof whatever was fatal to the plain-

tiff's case. The court held that it was, and the only point decided which has any bearing upon the present case is that the submission of proofs of some kind was a condition precedent to a right of recovery—a matter fully conceded by the present plaintiff.

The judgment of the District Court is reversed and the cause remanded for further proceedings in accordance with this opinion. .