First District Court of Jersey City.

CATHERINE McNAMARA, PLAINTIFF, v. METROPOLITAN LIFE INSURANCE COMPANY, DEFENDANT.

Decided January 11, 1945.

For the plaintiff, *Edward De Sevo.*

For the defendant, *John P. Nugent.*

Sewell, D. C. J. This is a suit instituted by one Catherine McNamara, beneficiary under insurance policy issued by the defendant company, insuring the life of one, James Mc-Namara, in which policy the plaintiff was named as beneficiary in the event of death. It was stipulated by counsel for the respective parties that James McNamara died on February 17th, 1942, of injuries which were external and of a violent nature sustained by him on February 15th, 1942. It was further stipulated that the cause of death was "intracranial hemorrhage and laceration of brain, following fracture of skull." It was further stipulated that the policy of insurance contained the following clause, from which has been deleted all unnecessary phraseology:

"Upon receipt of due proof that the death of the Insured resulted independently of all other causes, from bodily injuries caused solely by external, violent and accidental means, the Company will pay, as an additional death benefit, an amount equal to the amount payable under the Schedule. * * * The additional death benefit shall not be payable if the Insured's death * * * (e) is the result of participation in an assault or felony * * *."

It was further stipulated by counsel that the necessary premiums on the insurance policy had been paid; that due proof of death had been submitted by the plaintiff to the defendant; that the policy was in full force and effect at the time of death and that the defendant had paid to the beneficiary the sum of two hundred and fifty ($250) dollars which was the face value of the policy.

The question in dispute is whether or not the company should be compelled to pay an additional sum of two hundred and fifty ($250) dollars under and by virtue of the aforesaid accidental clause in the said policy.

The deceased died on February 17th, 1942, two days after injuries received by him in an affray with one, Walter Kolby, a former professional prize fighter. On the night of February 14th, 1942, the deceased McNamara and a friend, one, Michael Enright, attended a dance in the Greenville section of Jersey City. They remained at the dance until about three o'clock in the morning and then went to the lower section of Jersey City to a saloon, where they remained until about six o'clock in the morning; left the saloon and came to a restaurant located at No. 203 Pavonia Avenue, Jersey City. As they entered the restaurant Kolby was having his breakfast before going to work. A package containing his lunch was on the stool next to him. There were fifteen stools before the counter, none of which were occupied except the aforesaid two. McNamara sat on the package containing Kolby's lunch and a verbal altercation took place between Kolby and McNamara, which led to McNamara striking Kolby several blows with his fists. One of these blows knocked out one of Kolby's teeth. During the assault Kolby removed his hat and coat. The proprietor of the restaurant stopped the assault, whereupon Kolby left the restaurant and went out on the sidewalk immediately in front thereof. The restaurant manager took Kolby's hat and coat and threw them out to him. At this time McNamara followed Kolby to the sidewalk and struck or attempted to strike Kolby again. Kolby then struck McNamara one blow with his fist knocking him to the sidewalk, causing injuries which resulted in McNamara's death two days later.

The attorney for the defendant conceded at the trial, and in a memorandum subsequently filed with the court that "had the policy not contained the 'assault' clause, the plaintiff would be entitled to recover. This agreement is founded on the legally recognized fact that the death was due to means that were external, violent and accidental, as this latter word excludes only deaths that are the reasonably, foreseeable results of encounters obviously deadly in nature. *Walter* v. *Prudential Insurance Company of America,* 116 *N. J. L.* 304; 183 *Atl. Rep.* 897.

Defendant's counsel contends, however, that the presence in the policy of the word "assault" in addition to the "external, violent and accidental means" clause relieved the defendant of the responsibility where the assured met his death as the result of being an aggressor in an assault.

It is the opinion of this court that the word "assault" as here used, means something more than a simple assault. The language is that the double indemnity shall not be paid to the insured if the insured's death "* * * is the result of participation in an assault or felony." If the insured had been killed while committing larceny, burglary, robbery, arson or any other felony, no liability would attach. The word "assault" as here used refers to such an assault as would justify the person assaulted, that is Kolby, in taking the assured's life. In other words, before the defendant would be exempted from liability under the policy here sued on, McNamara must have been guilty of such an assault as would justify Kolby acting as a reasonable, prudent person in taking his life. I find as a matter of fact that while McNamara was the aggressor, the assault was not of such a character as would have led McNamara to reasonably contemplate that Kolby would be justified in taking his life in order to resist the same. Therefore, the defendant Insurance Company is not relieved of its liability to pay the additional indemnity under the policy. See *Gilman* v. *New York Life Insurance Co.,* 190 *Ark.* 379; 79 *S. W. Rep.* 78; 97 *A. L. R.* 755 (at *p.* 758).

I find a verdict in favor of the plaintiff and against the defendant in the sum of two hundred and fifty ($250) dollars together with costs of suit.